HALE *v.* ROGERS.

1. NEGLIGENCE—MOTOR VEHICLES—QUESTION FOR JURY.

Where, in an action for personal injuries caused by a collision at a street intersection between defendant's automobile and the one in which plaintiff was riding, defendant's negligence was clearly established by the testimony, including his own, and the testimony bearing on plaintiff's contributory negligence was conflicting, the case was properly submitted to the jury.

2. NEW TRIAL—PROPERLY REFUSED WHERE VERDICT SUPPORTED BY GREAT WEIGHT OF EVIDENCE.

The verdict for plaintiff being supported by the great weight of the evidence, a new trial was properly refused.

Error to Ingham; Carr (Leland W.), J. Submitted April 5, 1928. (Docket No. 32, Calendar No. 33,531.) Decided October 1, 1928.

Case by Tyson Hale against Floyd M. Rogers and another for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*Vandeveer & Vandeveer,* for appellants.

*Brown, Kelley & Warner,* for appellee.

McDONALD, J. This action was brought to recover damages for personal injuries received in an automobile accident alleged to have been caused by the negligence of the defendants. The plaintiff was riding in a Ford roadster as a guest of Herman Heether, who was driving the car. They were going south on North Walnut street in the city of Lansing. North Walnut is a graveled street. It intersects at

As to effect of speed and application of speed regulations on liability for collision between automobiles, or automobile and other vehicle at or near corner of street or highway, see annotation in L. R. A. 1916 A, 747.

right angles with West Saginaw street. West Saginaw is an asphalt paved street. As they approached the intersection of these streets, the plaintiff claims that Mr. Heether slowed the speed of the car to about 5 miles an hour; that they looked up and down Saginaw street; that no car was approaching from the east but that the defendants' car was coming from the west about 400 feet distant; that they proceeded across Saginaw street and when nearly across were struck by the defendants' automobile and severely injured. The negligence alleged is that defendants' car was being driven at an excessive and unlawful rate of speed; that it did not slow down as it approached the intersection; that the driver did not have it under control, and failed to keep a proper lookout for the safety of the plaintiff. The defendants denied that they were negligent as alleged, and claimed that the plaintiff was guilty of contributory negligence in that the car in which he was riding was being driven at the rate of 40 miles an hour; that it did not slacken its speed as it attempted to cross the intersection; and that a reasonably prudent driver would not have attempted to cross under the circumstances. At the close of the plaintiff's case, and again at the conclusion of all of the proof, the defendants moved for a directed verdict on the ground that no actionable negligence had been shown and that the plaintiff was guilty of contributory negligence. The motion was denied and the issues submitted to the jury with instructions of which there is no complaint. The plaintiff had a verdict for $2,000. A new trial was refused and judgment was entered on the verdict. The defendants have brought error.

Error is assigned on the court's failure to direct a verdict for defendants and to grant a new trial. The negligence of the defendant Floyd M. Rogers,

who was driving the car at the time of the accident, is sustained by ample testimony, including his own. On the question of the plaintiff's negligence, the testimony is conflicting. The plaintiff and Mr. Heether both testified that as they approached the intersection they reduced the speed of their car to 5 miles an hour; that they took proper observations and discovered the defendants' car more than 400 feet away, and had reason to believe it was safe to cross. The defendants testified that they were driving 40 miles an hour and did not reduce their speed as they attempted to make the crossing. The rate of speed at which the plaintiff's car was traveling had an important bearing on his negligence. As the evidence on that point was conflicting, it presented a question for the jury. But conceding the facts to be as plaintiff claims, counsel for the defendants argue that because of the relative distance of the two cars from the intersection and the speed at which the defendants' car was moving, a reasonably prudent man ought to have known that a collision would result if he attempted to cross, and that plaintiff's attempt to do so under the circumstances was negligence as a matter of law. This argument overlooks the fact that though defendants were 400 feet away and were approaching the intersection at a speed of 40 miles an hour, the plaintiff and his driver had a right to assume that they would slow down as they came nearer and have their car under control as required by the law. If this accident happened as the plaintiff claims, he was free from negligence and the defendants were guilty of negligence which was the proximate cause of the injury. If it happened as defendants claim, they were both negligent. The question was for the jury and there was no error in submitting it. The verdict rendered is supported by

the great weight of the evidence. The court properly refused a new trial.

The judgment is affirmed, with costs to the plaintiff.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.