NELSON v. LINDERMAN.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    Supreme Court must view the testimony in a light most favorable to plaintiff when a verdict has been directed against him.

2. JUDGMENT—PHYSICAL FACTS.

Where physical facts are such that it is impossible for the accident to have happened in the manner claimed by plaintiff, the judge may set aside a verdict for him and order one for the defendant.

3. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—INTERSECTIONS.

Motorist whose car had to travel approximately 35 feet from place where he made last observation in direction from which defendant's car approached to reach a place of safety on other side of intersection of country highways and who could have stopped car within 4 or 5 feet *held,* guilty of contributory negligence as a matter of law in failing to make observations during last 25 feet.

4. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

More than a fleeting glance at a car approaching same intersection as plaintiff is necessary if he seeks to avoid the burden of contributory negligence.

Appeal from Wayne; Webster (Arthur), J. Submitted January 11, 1939. (Docket Nos. 55, 56, Calendar Nos. 40,350, 40,351.) Decided March 9, 1939.

Separate actions in case by Joseph Nelson and Alexandria Nelson against Margaret Linderman for damages for personal injuries and injury to property incurred in a collision of automobiles at an intersection. Cases consolidated for trial and appeal. Directed verdicts and judgments for defendant. Plaintiffs appeal. Affirmed.

*Alan N. Brown,* for plaintiffs.

*Woodruff, BeGole & McInerney (Baillie & Cary,* of counsel), for defendant.

SHARPE, J. About the noon hour on November 3, 1936, plaintiffs were driving south on Vining road and at the same time defendant's car was being driven east on Pennsylvania road. Both of these

roads are in Wayne county, they intersect, and neither is superior to the other. A collision occurred, resulting in serious injuries to Alexandria Nelson, and property damage and personal injuries to Joseph Nelson. Plaintiffs brought separate actions, which were consolidated when the causes were tried. At the conclusion of plaintiffs' proofs, the trial court granted defendant's motion for a directed verdict upon the theory that plaintiff driver was guilty of contributory negligence; and that such negligence was imputed to plaintiff Alexandria Nelson.

It is the claim of plaintiffs that on the day in question they were traveling south on Vining road at a rate of speed of 25 to 30 miles per hour; that when plaintiff driver was from 300 to 350 feet from the intersection he noticed defendant's car approaching from the west, but was not able to judge its distance from the intersection; that as Nelson approached to a distance of 125 feet north of the intersection, he noticed that defendant's car was approximately 500 feet west of the intersection; that he then reduced the speed of his car to 8 or 10 miles per hour and approached to within 8 or 10 feet north of the intersection and then observed that defendant's car was about 300 feet west of the intersection and appeared to be slowing up; that he then speeded up his car to 15 or 16 miles per hour and had just crossed the center line of the east and west road when he was struck by defendant's car; that from the time defendant's car was 300 feet west of the intersection, plaintiff did not see it again until the impact; that the distance plaintiff traveled from a point 8 or 10 feet north of the intersection to the point of collision was approximately 25 feet; and that there were no obstacles to obstruct plaintiff's view of defendant's car as it approached the intersection. It also ap-

pears that at the rate of speed plaintiff was traveling when 8 or 10 feet from the intersection, he could stop his car within a distance of 4 or 5 feet.

The trial court held plaintiff driver's failure to make further observations after reaching a point 8 or 10 feet north of the intersection when he saw another car approaching the same intersection at a distance of 200 feet away constituted contributory negligence as a matter of law. Plaintiffs claim that under the facts above related, the question of plaintiffs' contributory negligence was one of fact for the jury.

In cases where a verdict is directed against plaintiff, we must view the testimony in a light most favorable to plaintiff. In *Dzikowski* v. *Railroad,* 282 Mich. 337, we said:

"We have repeatedly held that where physical facts are such that it is impossible for the accident to have happened in the manner claimed, the judge may set aside the verdict and order one for the defendant."

When we examine Nelson's testimony in the light of the above authority, we are forced to the conclusion that when he made his last observation of the position of defendant's car, he was mistaken as to its distance from the intersection. Plaintiff testified that while he traveled from a point 8 or 10 feet north of the intersection to the place where the collision occurred, a distance of approximately 25 feet, and at an average rate of speed of 12 miles per hour, the defendant's car traveled a distance of 300 feet or 12 times farther than plaintiffs. The conclusion is inevitable that under plaintiff's theory, defendant's car was traveling at a speed of approximately 144 miles per hour over a graveled road. We

cannot assume that defendant's car was traveling at any such speed, and conclude that plaintiff was mistaken as to the distance defendant's car was from the intersection when plaintiff made his last observation.

In *Carey* v. *De Rose,* 286 Mich. 321, plaintiff stopped her car 18 to 20 feet south of the fence line before crossing a trunkline highway and had to cross a distance of 60 to 70 feet in order to get in a place of safety, while defendant was traveling a distance of 1,175 feet. We there said:

"Had Mrs. Carey looked while crossing the intersection it is manifest that she would have seen the approaching car in ample time to have avoided the collision. * * * The unquestioned carelessness of Mrs. Carey was a question of law and not for consideration of the jury."

In the case at bar, plaintiff had to travel a distance of approximately 35 feet in order to get to a place of safety. He could stop his car within a distance of 4 or 5 feet. Under the circumstances in this case, plaintiff driver's failure to make any observations while he was traveling the last 25 feet precludes recovery. Something more than a fleeting glance at an approaching car is necessary if plaintiff seeks to avoid the burden of contributory negligence.

The judgment of the trial court is affirmed. Defendant may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.