EHRKE *v.* DANEK.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict and judgment for defendant the Supreme Court considers the record in the light most favorable to the plaintiff.

2. AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — SIMULTANEOUS APPROACH TO INTERSECTION—CENTER LINE.
   Motorist travelling westerly on county highway who approached intersection at slow speed and whose view to left was unob-

structed but view to right was obstructed until fence line of intersecting highway was reached but who proceeded to cross without ascertaining fact that car approached from north *held*, guilty of contributory negligence as a matter of law, barring recovery for death of wife who was fatally injured when defendant's car struck plaintiff's car while latter was in northwest corner of intersection, since a reasonably prudent person under such circumstances would have ascertained, by stopping in easterly portion of highway if necessary, as to fact of approach of car from north which might have the right of way, it being immaterial that such car was to some extent astride the center line of the highway.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted January 10, 1939. (Docket No. 111, Calendar No. 40,309.) Decided April 4, 1939.

Case by Henry C. Ehrke, administrator of the estate of Louise M. Ehrke, deceased, against Stephen Danek and Mrs. Martin Danek for damages for fatal personal injuries sustained in a collision between automobiles at an intersection. Directed verdict and firmed.
judgment for defendants. Plaintiff appeals. Af-

*John J. Temple* and *Charles S. Lorenzo,* for plaintiffs.

*Picard & Heilman,* for defendants.

NORTH, J. In this suit plaintiff, as the administrator of the estate of his deceased wife, seeks to recover for her estate damages caused by an automobile collision at the intersection of two highways which resulted in the wife's death five days after the accident. Plaintiff was driving the automobile in which his decedent was a passenger at the time of the accident. The case was brought on for trial before a jury and at the conclusion of plaintiff's proofs, on motion of defendants, verdict was di-

rected against plaintiff. Judgment was entered thereon, and plaintiff has appealed.

Verdict was directed against plaintiff by the circuit judge because he found as a matter of law that plaintiff was guilty of contributory negligence which was imputable to the deceased. The accident happened in the township of New Haven, Shiawassee county, at the intersection of two county roads, Nos. 467 and 490, each being an improved gravel highway with a traveled surface about 20 feet in width. Plaintiff and his decedent were proceeding in a westerly direction on county road 490, and defendants' car, driven by Mrs. Danek, was traveling in a southerly direction on highway 467. Plaintiff was familiar with this intersection. The road surface was in good condition. The brakes on plaintiff's car were in good repair. The accident happened in broad daylight, and was unattended by any distracting circumstances whatever. As he approached this intersection, plaintiff's view to the south was unobstructed; but his view to the north was obstructed by a growth of weeds along the side of the highway, bushes at or near the fence line, and a few trees. As plaintiff approached the intersection both he and his wife attempted to make an observation as to any oncoming traffic from the north, but because of the mentioned obstructions were unable to do so. Plaintiff slowed down the speed of his car as he approached the north and south highway so that when he entered upon the traveled portion thereof he was proceeding only at the rate of 3 to 5 miles per hour. The exact width of these two highways from fence line to fence line does not appear, but there is testimony that it was about 60 feet, there being about 20 feet in width on each side of the gravel. The land to plaintiff's right as he approached the intersection is practically level.

Primarily plaintiff's lack of care, if any, was a failure to make proper observation to the north before or at the time of entering the traveled portion of the intersection. As to this plaintiff testified:

"When I was at a point 20 feet east of the northeast corner of the graveled road itself, I looked to the north and saw no car coming. * * *

"Q. Where was it necessary for you to be on the east and west road before you had any view to the north, along the north road at all?

"A. I would have to be up to the edge of the gravel. * * *

"And I looked as I got up to the intersection, looked to the right and saw nothing. * * *

"Q. * * * Now as you approached this corner you came to a place that was about 20 feet from the intersection proper, did you not?

"A. Yes, sir. * * *

"Q. How far up the road could you see when you were 20 feet away from the traveled part of the road?

"A. Up to(?) the center part of the road here, you mean?

"Q. Yes.

"A. Well, I don't know. Probably, maybe 100 feet. * * *

"Q. You were then going at the rate of 15 miles an hour, is that right?

"A. Yes, sir, approximately that as near as I can recall. * * *

"Q. What is there, or was there that would prevent you, when you were 20 feet away from the traveled part of the road, going at a rate of speed where you could almost stop your car immediately, what was there that would stop you of getting a view of that road for almost as far as your eye could see to the north?

"A. Well, I don't know unless it was the condition of the dust and the road. * * * There was con-

siderable dust in the road, hanging over the fields and the road at the same time. * * *

"*Q.* If it hadn't been for what you now claim was the dust or fog you could have seen up that road for some distance, couldn't you?

"*A.* I think so.

"*Q.* And if you had you wouldn't have gone on this main traveled road if you had seen a car coming at a tremendous rate of speed?

"*A.* Positively not.

"*Q.* So regardless of the dust you continued to go on out in the road, didn't you?

"*A.* I continued slowly, yes, sir. * * * Before going on the traveled part of the intersection I had slowed down to about three to five miles per hour during that 20 feet. I could have put on my brakes and stopped immediately."

Plaintiff's position in his car was about 7 or 8 feet back from the extreme front portion. As to when he first saw the car approaching from the north and the attending circumstances, plaintiff testified:

"I heard a noise of a car and I glanced to the right, that would be to the north, and I saw this other car coming at a quite high rate of speed. * * *

"*Q.* As your car came down toward the intersection you got how far into the intersection before you discovered a car coming from the north?

"*A.* The front part of my car was on the west side of the intersection. * * *

"*Q.* How far over the center line of the intersection was the front of your car when you discovered this car coming?

"*A.* I couldn't say exactly in number of feet, but it was far enough so that the other car hit me right on the side almost in the center of my car.

"*Q.* How far was the other car in your best judgment north of you when you first saw it?

"*A.* Well, I couldn't say to that exactly, it was probably 70 feet, maybe less maybe more. * * *

Well, it was coming at such a rate of speed when I first noticed it it was just the space of a second and it struck me. Whether it was 70 miles an hour, 80 or 90, I don't know. * * * The accident * * * happened in the northwest corner of the intersection. I traveled approximately five feet after I saw the other car and it traveled approximately 70 feet. * * * There was no clouds, the sun was shining very brightly I recall. * * *

"*Q.*  Then it follows, does it not * * * from the time you were in a position to see the car coming from the north you didn't go a distance to exceed 10 feet before you were struck?

"*A.*  No I didn't. * * * I saw the car coming and tried to avert a possible collision by stepping on the accelerator and giving the wheel a turn to get out of the way further. * * * I thought I was acting by my best judgment by stepping on the gas to get out of the way and turning the wheel to avert being hit as much as possible."

Plaintiff was the only witness. On this review we must consider the record in the light most favorable to him. But even so, it is quite impossible to escape the conclusion that plaintiff under his own testimony was clearly guilty of negligence which was a proximate cause of this accident. He knew his view of cross-traffic approaching from his right was obstructed. He also knew such traffic had the right of way if simultaneously at the intersection. He had ascertained that there were no vehicles approaching from his left—from the south. With perfect safety he could have driven practically to the center of the north and south highway, and by then stopping, or even driving at the rate he was and being able to stop "immediately" as he testified, he could have looked and ascertained to a certainty whether a vehicle was approaching from the north. This is what a reasonably careful and prudent driver should have done

and would have done. Plaintiff did not do this and as a result an unfortunate accident, which his negligence at least helped to cause, happened.

There is some testimony from which the inference may be drawn that the automobile approaching from the north was proceeding somewhat astride of the center line of the gravel portion of the highway, instead of being entirely on the right hand or westerly side. In connection with this phase of the record appellant urges that the instant case presents an issue of fact within our holding in *Henry* v. *Sanderson*, 260 Mich. 563, that being a case wherein the defendant was approaching on his left hand side or in the middle of the highway. But in that case there were other circumstances which, collectively considered, presented an issue of fact for determination by the jury. On the other hand in the instant case there are no such other attendant facts. It clearly appears from this record that in no material degree was plaintiff's opportunity, while in a place of safety, to observe the approaching car altered by the fact, if it is a fact, that the automobile approaching from the north was to some extent astride the center line of the highway. Other cases are cited in appellant's brief in support of his contention that herein an issue of fact is presented, but each of the cited cases is readily distinguishable from the instant case.

The ruling of the circuit judge in directing a verdict was correct. The judgment entered in the circuit court is affirmed. Cost to appellees.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.