## WALING *v.* CITY OF DETROIT.

1. AUTOMOBILES—RIGHT OF WAY—STATUTES.

   A motorist who has the statutory right of way cannot proceed heedlessly into a place of danger (1 Comp. Laws 1929, § 4712).

2. SAME—RIGHT OF WAY—CONTRIBUTORY NEGLIGENCE.

   A motorist who has the statutory right of way must nevertheless be free from contributory negligence in order to recover for injuries sustained in collision of cars at an intersection (1 Comp. Laws 1929, § 4712).

3. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—EVIDENCE.

   In determining whether decedent motorist was guilty of contributory negligence as a matter of law, the Supreme Court must accept the testimony in the light most favorable to plaintiff administratrix.

4. NEGLIGENCE—QUESTION FOR JURY.

   A state of facts should not result in a determination of negligence as a matter of law where reasonable minds may differ upon those facts.

Where reasonable minds may differ as to matter of proximate cause, a jury question is presented, see 2 Restatement, Torts, § 434.

5. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY   NEGLIGENCE—IN-
STRUCTIONS—EVIDENCE.
  Trial court was correct in declining to instruct jury that plain-
    tiff's decedent was guilty of contributory negligence as a
    matter of law where it appears that decedent had driven his
    car westerly before dawn at speed of 20 to 25 miles an hour
    and entered well-lighted intersection of street at about the
    same time as defendant's northbound bus proceeding at 30 to
    35 miles an hour although visibility was good, there was no
    obstruction to decedent's view, and weather was clear and
    vehicles collided in northwest portion of intersection (1 Comp.
    Laws 1929, § 4712).

6. SAME—VERDICT—EVIDENCE—INTERSECTION COLLISION.
  Verdict for plaintiff in action by administratrix of estate of
    westbound motorist who died as a result of injuries received in
    collision with northbound bus owned by defendant city was
    supported by evidence, where it appears accident occurred be-
    fore dawn in the northwest quarter of the intersection and
    vehicles had entered the intersection at about the same time,
    visibility was good, weather was clear, and there was no ob-
    struction to decedent's view.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted January 11, 1944. (Docket No. 46, Calen-
dar No. 42,592.) Decided February 24, 1944.

Case by Mary Waling, administratrix of the estate
of Joseph Waling, deceased, against the City of
Detroit for damages arising out of the death of de-
cedent. Verdict and judgment for plaintiff. De-
fendant appeals. Affirmed.

*Emil Wm. Colombo,* for plaintiff.

*Leo A. Sullivan* (*Rodney Baxter* and *A. Albert
Bonczak,* of counsel), for defendant.

BUSHNELL, J.   This case arose out of a collision
between an automobile driven by plaintiff's de-
cedent, Joseph Waling, and a bus operated by de-

fendant city of Detroit. The city appealed from a judgment entered upon the verdict of the jury in favor of plaintiff in the sum of $5,000.

At about 5:45 a. m. on November 17, 1941, Waling was on his way to work at the Ford Motor Company. He was driving westerly on Schoolcraft avenue in the city of Detroit, and defendant's bus was proceeding northerly on Northlawn avenue. Two other fellow employees were riding in the Waling car. There were no passengers in the bus. At the time of the collision it was dark, but the intersection was well lighted, the visibility was good, and the weather was clear. In addition to the occupants of the car driven by Waling, there were other eyewitnesses who were in an eastbound car approaching the intersection. The testimony shows that Waling came up to the intersection at a speed of about 20 to 25 miles an hour and had ample opportunity to observe traffic conditions. As neither street is a through thoroughfare, neither the car nor the bus stopped before entering the intersection. The collision occurred in the northwest part of the intersection and Waling was severely injured and died several days after the accident. There is some question whether the bus was traveling at about the center or on the left-hand side of Northlawn, but all agreed that it was moving at a speed of about 30 to 35 miles an hour.

A police officer who arrived at the scene a few minutes after the accident took photographs before the vehicles were moved. These were made a part of the record. He testified that Waling told him that he saw the bus just as he entered the intersection and before it entered the intersection, that "he turned to his right and applied the brakes." The officer said there was nothing to obstruct Waling's view of the approaching bus. One of Waling's pas-

sengers said that he observed the headlights on the bus and they appeared to be 30 or 40 feet away. Another passenger in the Waling car said he looked both ways as they approached the intersection and he first saw the bus on the left side of the center of the street about 35 to 50 feet away, and that when Waling's car was about to leave the intersection the bus lights were shining right into the back of the Waling car. The bus then swerved to the left and struck them with its right front corner when they were about 2 feet from the northwest curb. Waling's car was struck on its left side back of the front door.

Defendant moved for a directed verdict on the ground that plaintiff had failed to prove either any actionable negligence of the bus driver or freedom from contributory negligence on the part of Waling. The court reserved judgment and submitted the question of defendant's and plaintiff's decedent's negligence to the jury. After verdict, the court denied defendant's motions for judgment *non obstante veredicto* and for a new trial.

Defendant contends on appeal that the trial judge erred in denying its several motions and that the jury was erroneously charged with respect to the questions of plaintiff's decedent's contributory negligence and his "right of way." The trial court quoted the statute (1 Comp. Laws 1929, § 4712 [Stat. Ann. § 9.1580]), which reads:

"When two vehicles enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

The court then continued:

"I charge you that if you find from the evidence that both the bus driver and the automobile driven by plaintiff's husband entered the intersection at

approximately the same time, then the bus would be required to yield the right of way to the car driven by plaintiff's husband for the reason that the vehicle of plaintiff's husband was approaching from the right side of the bus, and if you find that a violation of the right of way by the, bus driver was the proximate cause of the accident, and if plaintiff's husband was free from contributory negligence, then defendant would be liable and plaintiff may recover.''

We have repeatedly held that a driver, having the statutory right of way, cannot proceed heedlessly into a place of danger, and the court therefore properly explained to the jury that it could not find the defendant liable because of its bus driver's violation of the right of way, unless plaintiff's decedent was free from contributory negligence. We find no error in the court's charge to the jury when read in its entirety.

In determining whether plaintiff's decedent was guilty of contributory negligence as a matter of law, we must accept the testimony in the light most favorable to her. *Rathburn* v. *Riedel,* 291 Mich. 652. In that case the court pointed out that it is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence, and that some cases must of necessity stand or fall on their own facts. A state of facts should not result in a determination of negligence as a matter of law where reasonable minds may differ upon those facts. *Adams* v. *Canfield,* 263 Mich. 666.

Viewing the testimony in this manner, the trial judge was correct in declining to instruct the jury that plaintiff's decedent was guilty of contributory negligence as a matter of law and in denying defendant's motion for judgment *non obstante veredicto. Pelham* v. *Keip,* 306 Mich. 500.

The verdict of the jury is supported by the evidence and the judgment entered thereon is affirmed, with costs to appellee.

North, C. J., and Starr, Wiest, Butzel, Sharpe, Boyles, and Reid, JJ., concurred.