### GOFF *v.* BREWSTER.

AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY    NEGLIGENCE—EVI-
DENCE—SPEED.

On plaintiff's appeal from judgment for defendant *non obstante veredicto* in action arising from collision at intersection of country roads at 10 a.m. on a bright sunshiny day in June, evidence showing that notwithstanding some obstruction to view plaintiff's driver in westbound car when at least 25 feet from intersection and proceeding at not more than 15 miles per hour could see defendant's southbound truck approaching at speed of 50 to 60 miles an hour some 75 to 100 feet to the north and, instead of stopping, "stepped on the gas" and tried to cross in front of the truck, established as a matter of law contributory negligence of plaintiff's driver which, being imputed to plaintiff, an adult, barred her recovery

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted April 5, 1944. (Docket No. 26, Calendar No. 42,580.) Decided June 5, 1944. Rehearing denied September 5, 1944.

Contributory negligence of plaintiff sufficient to bar recovery, see 2 Restatement, Torts, § 476, also, § 475, comment a; causal relation between harm and negligence, § 465; contributory negligence defined, see § 463.

Case by Katherine P. Goff against Milford Brewster for personal injuries sustained in a collision between automobiles. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Paterson & Paterson,* for plaintiff.

*Otto, Holland & Otto,* and *Atkins & Stommel,* for defendant.

Boyles, J. Plaintiff, an adult person, brought suit to recover damages for personal injuries arising out of an automobile accident. At the close of the proofs before a jury, defendant moved for a directed verdict on the ground that the testimony showed that the driver of the automobile in which plaintiff was a guest passenger was guilty of contributory negligence as a matter of law. The court reserved decision on the motion, submitted the case, and the jury returned a verdict for the plaintiff. Defendant's motion for judgment *non obstante veredicto* on the same ground was granted and plaintiff appeals from the judgment entered on the motion. The only question on appeal is whether plaintiff's driver was guilty of contributory negligence as a matter of law. If so, his negligence would be imputed to plaintiff and bar recovery.

The collision occurred at the intersection of Galbraith Line road and Black River road in Sanilac county, about 10 o'clock in the forenoon of June 18, 1940, on a bright sunshiny day. Galbraith Line road runs east and west and Black River road runs north and south. Both are graveled roads about 20 feet in width on the traveled portion, with about 60 feet between fences on each road. The roads are of equal importance and intersect at right angles.

The automobile in which plaintiff was a guest passenger was proceeding west on Galbraith Line road and defendant's milk truck was traveling south on Black River road. The automobile and the truck collided at about the center of the intersection.

As plaintiff's driver approached the intersection from the east on Galbraith Line road the road sloped upward to the intersection. Steep banks on both sides of the road prevented a clear view of the Black River road north and south until the driver reached a point opposite a big tree variously estimated at from 10 to 25 feet east of the east line fence on Black River road. At this tree plaintiff's driver could see to the north on Black River road about 100 feet. He looked north and saw no car approaching. Plaintiff's driver says that at this tree or between the tree and the intersection he changed into second gear, that he was traveling about 15 miles an hour, and that he could stop within 20 feet. When he reached the fence line on the east line of Black River road he was 25 to 30 feet from the center of the intersection. At the fence line he saw defendant's milk truck approaching rapidly from the north but thought he had time to go through. He "stepped on the gas" and the collision occurred at the center of the intersection.

The plaintiff herself testified:

"*Q.* About how far to the north could you see when you were in this position opposite this big tree?

"*A.* We could see 75 or 100 feet. *  *  *

"*Q.* Was there any vehicles in sight at this point?

"*A.* No.

"*Q.* What did Mr. Martin (the driver) then do?

"*A.* Mr. Martin went into second gear and proceeded up into the intersection.

"*Q.* Where were you when you were first able to see the defendant's truck?

"*A.* We were just about up to the line of the fence.   *   *   *

"*Q.* Then you were able to see this truck when it came in sight at the time you were at the fence line and it was up at about the barn?

"*A.* Yes.

"*Q.* And then you observed that truck as it came down upon you?

"*A.* Yes.   *   *   *

"*Q.* And state whether or not you were able to decide whether the speed of the truck—speed of the approaching truck?

"*A.* Well, he was going at least 60 miles an hour.   *   *   *

"*Q.* How far across the intersection did your car get before it struck?

"*A.* We were almost through the intersection.

"*Q.* What part of the Black River road was he traveling on when he hit your car?

"*A.* He was coming from the north to the south.

"*Q.* On the east or west half of the road?

"*A.* He was on his own side of the road."

When the automobile in which plaintiff was riding was at the fence, it was at least 25 feet from the center of the intersection. It was proceeding in second gear at not more than 15 miles per hour. The driver testified he could stop in 20 feet, which would be before he reached the center of the intersection. He "stepped on the gas" and the collision occurred at about the center, while his automobile, in part at least, was in the west half of Black River road. Accepting plaintiff's version as to how the accident occurred, defendant's negligence was established by the proofs, but the same proofs established that plaintiff's driver was guilty of contributory negligence as a matter of law. When he was

at the fence he observed defendant's truck 75 to 100 feet north on Black River road approaching the intersection at 50 to 60 miles per hour. He had ample time to stop short of the center of the intersection. Had he done so it would have left the defendant's truck an opportunity to continue on through the intersection on its own side of Black River road without an accident. Instead, plaintiff's driver thought he could get across and stepped on the gas. As a matter of law, a reasonably prudent driver, exercising the care and caution required under the circumstances, would not "step on the gas" and try to cross in front of the rapidly approaching truck. If plaintiff's driver was confronted with a sudden emergency it was of his own making. The truck was approaching the intersection from the right of plaintiff's driver and the high bank obstructing his view called for more care and caution on his part than would be required if his view were unobstructed.

Plaintiff's driver was guilty of contributory negligence as a matter of law; his negligence is imputed to plaintiff and bars recovery. See *Ehrke* v. *Danek,* 288 Mich. 498.

Judgment affirmed.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.