MacDONALD v. SKORNIA.

1. AUTOMOBILES—INTERSECTIONS—NEGLIGENCE—SPEED—DIRECTION.
    Normally, when two cars collide on a bright clear day at the
    intersection of thoroughfares of equal importance, both drivers
    are to blame except where one of the drivers suddenly ac-
    celerates his speed or without any reason changes the di-
    rection of his car.

2. SAME—INTERSECTIONS—DUTY AS TO OBSERVATION.
    A motorist is required, before entering an intersection, to make
    suitable observation of approaching cars, and, from condi-
    tions as they appear to him, to form a reasonable belief that
    he can cross the intersection in safety.

3. SAME—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE AS A MATTER
    OF LAW.
    A plaintiff motorist who enters an intersection without looking
    at all, or who looks but fails to see what is there to be seen, or
    who gives what is there to be seen a fleeting glimpse but
    no further heed, or who looks, finds vision obscured and pro-
    ceeds without ascertaining whether traffic is approaching be-
    hind the obstruction, or who fails, after observation, to form
    therefrom a reasonable belief that the intersection can be
    crossed in safety, is guilty of contributory negligence as a
    matter of law.

4. SAME—INTERSECTIONS—OBSERVATION AS TO DISTANCE AND SPEED—
    EVIDENCE.
    Westbound motorist who approached intersection of city streets,
    each 20 to 30 feet wide, observed southbound defendant in
    the middle of the street and about 120 or 130 feet to the
    north and decided crossing could be made safely was guilty of
    contributory negligence as a matter of law, since he had

REFERENCES FOR POINTS IN HEADNOTES
[2] 5 Am. Jur., Automobiles, § 167.
[2, 4] Right of way at street or highway intersections as dependent
    upon, or independent of, care or negligence.   89 A.L.R. 838.
[2, 4] Right of way as between vehicles as affected by relative dis-
    tances or time of reaching intersection.   175 A.L.R. 1013.
[3, 4] 5 Am. Jur., Automobiles, § 231.

failed to apprise himself of defendant's speed, an element essential to the formation of a reasonable belief that crossing could be made safely.

Bushnell, C. J., and Reid and Carr, JJ., dissenting.

Appeal from Bay; Leibrand (Karl K.), J. Submitted June 9, 1948. (Docket No. 41, Calendar No. 44,014.) Decided October 4, 1948. Rehearing denied November 12, 1948.

Case by Donald MacDonald against Albin Skornia for personal injuries suffered in automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant on his motion for judgment *non obstante veredicto.*

*Oscar W. Baker, Jr.,* for plaintiff.

*Stanton, Montgomery, MacKenzie & Cartwright,* for defendant.

Bushnell, C. J. (*dissenting*). In this intersection collision case, defendant Albin Skornia has appealed from denials of his motion for a directed verdict, his motion for a judgment *non obstante veredicto,* and for a new trial. Consequently the facts must be considered in the light most favorable to plaintiff. *Shank* v. *Lucker,* 296 Mich. 705, and *Saunders* v. *Joseph,* 300 Mich. 479.

On September 6, 1941, plaintiff Donald MacDonald, then 65 years of age, was driving his car in a westerly direction on Twenty-first street in the city of Bay City at about 11 o'clock a. m. The day was bright, dry and clear. As he approached Van Buren street he slowed down to 15 to 20 miles per hour, approximately 20 to 30 feet from the east line of the intersection. He first looked to the south and saw nothing, then to the north, where he saw Skornia's

car approaching in a southerly direction on Van Buren. Neither street is a so-called stop street or preferred over the other. Defendant's car, when first observed, was about 100 feet to the north of Twenty-first street, about 20 to 30 feet beyond a sign reading, "Watch for School Children." Plaintiff determined that he could safely make the crossing and proceeded. He admits that his view was unobstructed, but testified that he was unable to make any estimate of the speed of defendant's car due to the small angle which gave plaintiff almost a head-on view of the car.

At the time of the collision, plaintiff's front wheels had reached the curb line on the west side of Van Buren street, which is 20 to 25 feet wide, as is Twenty-first street. Defendant's car, which theretofore had been traveling in the middle of Van Buren, struck plaintiff's car on its right side about 5 feet from the rear end. MacDonald received several injuries and was confined to his bed for 10 days. He suffered some pain and testified that headaches continued as a result of his injuries from a year to a year and a half after the accident. The trial before a jury resulted in a verdict of $2,000 for MacDonald.

Skornia's negligence being conceded, the questions presented for review are whether plaintiff was guilty of contributory negligence as a matter of law, and was the verdict of the jury excessive.

On cross-examination plaintiff testified as follows:

"*Q.* Would you say it was going any faster than your car?

"*A.* I couldn't say whether it was parked or coming because it was pretty near head-on to me.

"*Q.* But the only observation you made of that car is a glance?

"*A.* And that I had ample time to go across, that is all.

"*Q.* Can you recall the color of that car?

"*A.* No, I think it was blue—no. It might not have been, though. I forget what it was. I only just took a snap glance at it, but I passed cars every day."

Defendant argues that this testimony definitely establishes the fact that MacDonald failed to make the proper observation of the approach of Skornia's car, citing *Nelson* v. *Linderman,* 288 Mich. 186; *Lachow* v. *Kimmich,* 263 Mich. 1 (90 A. L. R. 626, 32 N. C. C. A. 579); *Sonfilian* v. *Wiedman,* 291 Mich. 697; *Kerr* v. *Hayes,* 250 Mich. 19; *Ayers* v. *Andary,* 301 Mich. 418; *Huber* v. *Paquette,* 293 Mich. 370; *Wimmer* v. *Colman,* 307 Mich. 413; and *Geeck* v. *Luckenbill,* 215 Mich. 288.

Skornia maintains that these authorities set up the required duties of a driver approaching an intersection, which are (1) to estimate the distance the oncoming car was from the crossing; (2) to estimate the speed of the other car; and (3) to come to a reasonable conclusion based on these observations. He concedes, and the testimony shows, that MacDonald clearly performed the first duty. But he maintains that, by the testimony above quoted, it is shown that MacDonald failed to fulfill the second duty, and therefore could not have fulfilled the third duty.

The authorities mainly depended upon by Skornia can be distinguished and, in so distinguishing them, it becomes clear that, under the quoted testimony of MacDonald, he was not guilty of contributory negligence as a matter of law. In the *Nelson, Sonfilian, Ayers* and *Wimmer Cases* there is the similarity that, according to the observation of distance made by the plaintiffs therein, and the observations of speed of the oncoming car made by those plaintiffs, the actual physical facts were such that these obser-

vations were incorrect, mainly because the oncoming automobile could not possibly have traveled fast enough to reach the crossing in time for the collision if plaintiffs' observations were correct. These authorities point out that the governing factor is not the length of time which is taken to make the observation, but rather the reasonableness and accuracy of the estimate under the circumstances.

In this instance the small angle of vision which confronted him made the determination of exact speed difficult. However, plaintiff's fairly accurate estimate of distance and his knowledge that defendant was approaching a "Watch for School Children" sign lead to the conclusion that it cannot be said that reasonable minds would not differ as to whether plaintiff was guilty of action not befitting a reasonable person under like circumstances. See *Stephens v. Koprowski,* 295 Mich. 213; *Waling v. City of Detroit,* 308 Mich. 163.

But plaintiff does not rest his whole answer to defendant's defense of contributory negligence upon the above theory. There is evidence in the record, which we cannot say is not ample to satisfy a jury, that defendant swerved his automobile to the right as he approached plaintiff's automobile, and if he had continued traveling in the middle of the street, where he was traveling when plaintiff observed him, the collision never would have occurred. This is a two-pronged argument. The first prong is that plaintiff's observation and consequent decision that he could cross in safety was actually a reasonable decision and that, therefore, he was not negligent in this respect. The second prong is that, even if plaintiff were negligent in his observation and determination that he could cross in safety, this negligence was not the proximate cause of the collision, but, rather, it was caused by defendant's subsequent negligence in swerving to the right and into a zone

of apparent safety. *Grodi* v. *Mierow,* 244 Mich. 511;
*Swainston* v. *Kennedy,* 253 Mich. 518; *Hale* v. *Rogers,* 244 Mich. 69; *Waling* v. *City of Detroit, supra*;
*Vukich* v. *City of Detroit,* 318 Mich. 515.

But, in any event, there is testimony in the record
which would support the jury's determination that
at the time MacDonald first saw defendant's car approaching he made the following observations: He
observed that there was a "Watch for School Children" sign about 100 feet north of the intersection,
that the defendant was some 20 to 30 feet north of
this sign, that defendant was driving in the middle of
the road, that the defendant's automobile was of a
dark color, and that defendant was approaching at
such a front end view that it was difficult to make any
sort of exact determination of the speed of defendant's car, but that it appeared to be traveling at a
reasonable speed. Not only in the light of this testimony does it appear difficult to say that reasonable
minds must agree that plaintiff was negligent in
making his observation, but, rather, it appears that
the jury was justified in finding that plaintiff was not
guilty of contributory negligence in this respect.

The amount of damages awarded in the instant
case is not so large as to shock the judicial conscience, and, in the absence of such a condition, the
verdict in this respect will not be disturbed on appeal. *Paton* v. *Stealy,* 272 Mich. 57; *Sebring* v. *Mawby,* 251 Mich. 628; *Oliver* v. *Detroit Taxicab Co.,* 210
Mich. 89, and *Teeter* v. *Pugsley,* 319 Mich. 508. Here,
the plaintiff suffered considerable pain from fractured ribs and cuts on his body and various bruises
for a period of about six weeks, and he also suffered
from headaches attributable to the accident for a period of about a year and a half. In *Love* v. *Railroad
Co.,* 170 Mich. 1, a verdict of $2,000 for eight hours'
pain and suffering was held not to be excessive; and
in *Michaels* v. *Smith,* 240 Mich. 671, a verdict of $2,-

500 for two fractured ribs and a nervous condition lasting for several months was held not to be excessive.

The verdict and judgment below should be affirmed, with costs to plaintiff.

REID and CARR, JJ., concurred with BUSHNELL, C. J.

DETHMERS, J. I do not concur in the opinion written by the Chief Justice.

Plaintiff testified that he made one observation of defendant's automobile when it was about 120 feet from the intersection but made no estimate of the speed at which it was approaching and that, in fact, he would have been unable to say at the time whether defendant's car was "parked or coming."

Applicable to the facts in this case is the following from *Ann Arbor Construction Co.* v. *Russ,* 312 Mich. 527:

"In *DiMatteo* v. *Smith,* 309 Mich. 640, we quoted with approval from *Stuck* v. *Tice,* 291 Mich. 486, as follows:

" 'Normally, under conditions such as these, when two cars collide on a bright clear day at the intersection of thoroughfares of equal importance, both drivers are to blame.'

"The facts in all the cases set forth in the briefs differ but the general rule remains the same. There are exceptions where one of the drivers suddenly accelerates his speed or without any reason changes the direction of his car."

The quoted statement is no mere arbitrary judicial pronouncement, but a recognition of the fact that normally a collision will not occur between two automobiles at an intersection when both drivers observe the duties which we have repeatedly held repose upon them. What are those duties?

This Court has held time and again that the driver of an automobile must make proper observation before entering an intersection. If he enters without looking up and down the street intersecting with that on which he is traveling for approaching traffic, he, as a plaintiff, is guilty of contributory negligence as a matter of law. A few of our many decisions so holding are: *Smith* v. *Ormiston,* 242 Mich. 600; *Kerr* v. *Hayes,* 250 Mich. 19; *Kok* v. *Lattin,* 261 Mich. 362; *Ehrke* v. *Danek,* 288 Mich. 498; *Gallagher* v. *Walter,* 299 Mich. 69.

No idle ceremony is subserved by the requirement that such plaintiff maintain a lookout. He is equally held to be guilty of contributory negligence if he looks and proceeds without seeing approaching traffic which is there plainly to be seen. ' *Zuidema* v. *Bekkering,* 256 Mich. 327; *Knight* v. *Merignac,* 281 Mich. 684; *Carey* v. *DeRose,* 286 Mich. 321. Furthermore, if he takes but a fleeting glimpse and sees a vehicle approaching on the intersecting street, but proceeds into the intersection without giving the other vehicle any further heed, he is guilty of contributory negligence as a matter of law. *Boerema* v. *Cook,* 256 Mich. 266; *Block* v. *Peterson,* 284 Mich. 88; *Koehler* v. *Thom,* 285 Mich. 593; *Nelson* v. *Linderman,* 288 Mich. 186; *Lacaeyse* v. *Roe,* 310 Mich. 591; *Martin* v. *City of Detroit,* 314 Mich. 77.

A driver who proceeds into an intersection without ascertaining whether traffic is approaching on the intersecting street is not excused by the fact that his view, as he approaches the intersection, is obstructed. As we said in *Plaskett* v. *Van Buren County Road Commission,* 295 Mich. 54:

"If we consider that the view of the intersection is obscured, then it is the duty of drivers in approaching the intersection to use such care under the circumstances as would be required by an ordinarily prudent person."

In *Ehrke* v. *Danek, supra,* we held that under such circumstances, when the view is so obstructed, an ordinary, reasonable, prudent and careful person would stop in a position of safety from which due observation could be made, and look to ascertain to a certainty whether another vehicle is approaching the intersection behind the obstruction. A plaintiff who neglects so to do is guilty of contributory negligence as a matter of law. See, also, *Cline* v. *Killingbeck,* 288 Mich. 126; *Hekman Biscuit Co., for use and benefit of Royal Indemnity Co.,* v. *Commercial Credit Co.,* 291 Mich. 156.

A driver is required, before entering an intersection, to make suitable observation of approaching cars, and, from conditions as they appear to him, to form a reasonable belief that he can cross the intersection in safety. *Kerr* v. *Hayes, supra; Francis* v. *Rumsey,* 303 Mich. 526.

To summarize, we have consistently held guilty of contributory negligence as a matter of law plaintiff drivers entering intersections who do not look at all, or who look but fail to see what is there to be seen, or who give what is there to be seen a fleeting glimpse but no further heed, or who look but find the vision obscured and proceed into the intersection without ascertaining whether traffic is approaching behind the obstruction, or who fail, after observation, to form therefrom a reasonable belief that the intersection can be crossed in safety. It is manifest, therefore, that a driver is required upon entering an intersection not only to look, but also to see and form an opinion as to all the factors essential to the final requirement, *viz.,* the forming of a reasonable conclusion that the intersection can be crossed in safety. To look, yet fail to observe whether the car headed in his direction on the intersecting street is parked or moving or, if moving, then at what speed, is but little better than not to look at all. It

is no better than to look and fail to see what is there to be seen or to take but a fleeting glimpse and give the approaching car no further heed. The fact, as claimed by plaintiff, that, due to the small angle, which gave plaintiff almost a head-on view of defendant's car, it was impossible for plaintiff to estimate defendant's speed or to determine whether he was moving at all, left plaintiff with no less of a duty reposing on him than that which we have held rests on the driver whose view is obstructed. While plaintiff testified that he formed the belief that he could proceed in safety, that belief was not a reasonable one because he failed to apprise himself of defendant's speed, an element absolutely essential to the formation of such a reasonable belief.

We have heretofore held that a plaintiff's failure, under such circumstances, to determine the speed of defendant's approaching automobile renders plaintiff guilty of contributory negligence as a matter of law. In *Lodato* v. *Campbell,* 284 Mich. 217, this Court said:

"Plaintiff * * * claims he looked to his left and saw defendants' car approaching from that direction, at a distance of about 500 feet and, *without being able to estimate its speed,* he thought he had time to cross in safety, so put his car in motion at a speed of from 7 to 8 miles per hour, and proceeded to cross the northerly lane of Grand River avenue, over which defendants' car was approaching. * * *

"Plaintiff was guilty of contributory negligence as a matter of law."

Concerning a plaintiff involved in an intersection collision we said in *Ayers* v. *Andary,* 301 Mich. 418, the following:

"On the record before us it clearly appears that the driver of the car in which plaintiff was riding was guilty of contributory negligence as a matter of law. * * *

"Under the circumstances of this case an observation of an approaching car in close proximity without giving any consideration to the rate of speed at which it is approaching was quite futile. If one is to make a proper observation of an oncoming car under the circumstances of the instant case, the observation must include not only the distance the approaching car is from the point of possible collision but also some observation and judgment of its approximate speed. This plaintiff's driver failed to do."

In another intersection collision case, *Francis* v. *Rumsey*, 303 Mich. 526, we said:

"The testimony and the physical facts clearly establish that plaintiff was guilty of contributory negligence, because (1) he failed to make observation as to the speed of defendant's approaching truck and formed no opinion or judgment as to its speed. * * *

"It is apparent that plaintiff could form no rational judgment that it was safe to proceed into the intersection without first forming some opinion or judgment as to the speed of defendant's approaching truck. * * *

"Plaintiff was guilty of contributory negligence as a matter of law."

In *Waskelis* v. *Continental Baking Co.*, 310 Mich. 649, we said:

"In our discussion of plaintiff's negligence, we shall assume that the trial court found plaintiff guilty of contributory negligence as a matter of law. In such cases we consider plaintiff's testimony in a light most favorable to him. He stated that he drove his car about 25 feet from the east curb line of Trumbull avenue when the collision occurred, at a rate of speed of from 5 to 10 miles per hour, without making any observation as to the speed of defendant's truck. We think the facts in this case are similar to those in *Ayers* v. *Andary*, 301 Mich. 418. In that case, the driver of plaintiff's car saw defendant's car when it

was 125 to 150 feet away from the intersection, yet attempted to cross the street traveling at a speed of 18 to 20 miles per hour. When half way across the street, plaintiff again saw defendant's car 30 to 35 feet away traveling at a speed of approximately 60 miles per hour. When plaintiff first saw defendant's car he made no estimate of its speed. We held plaintiff guilty of contributory negligence as a matter of law."

In view of our decisions in the *Lodato, Ayers, Francis* and *Waskelis Cases,* plaintiff, for proceeding into the intersection without observing the speed of defendant's approaching automobile, must be held to have been guilty of contributory negligence as a matter of law.

The Chief Justice seeks to distinguish this case from the cases of *Nelson* v. *Linderman,* 288 Mich. 186; *Sonfilian* v. *Wiedman,* 291 Mich. 697; *Ayers* v. *Andary,* 301 Mich. 418, and *Wimmer* v. *Colman,* 307 Mich. 413, on the ground that in those cases the plaintiffs were held guilty of contributory negligence as a matter of law only because the physical facts proved conclusively that the plaintiffs' observations as to defendants' distances and speeds were incorrect. Without giving assent to such construction on those cases, it may be pointed out that a plaintiff who makes no observation whatsoever of defendant's speed is no less guilty of contributory negligence as a matter of law than one who makes an inaccurate observation thereof.

In the Chief Justice's opinion appears the following:

"This is a two-pronged argument. * * * The second prong is that, even if plaintiff were negligent in his observation and determination that he could cross in safety, this negligence was not the proximate cause of the collision, but, rather, it was caused by defendant's subsequent negligence in swerving

to the right and into a zone of apparent safety. *Grodi* v. *Mierow,* 244 Mich. 511; *Swainston* v. *Kennedy,* 253 Mich. 518; *Hale* v. *Rogers,* 244 Mich. 69; *Waling* v. *City of Detroit,* 308 Mich. 163; *Vukich* v. *City of Detroit,* 318 Mich. 515."

In not one of the cited cases is the subject of subsequent negligence considered. In our opinions in the *Hale* and *Swainston Cases* not the slightest mention is made of either plaintiffs' or defendants' cars swerving to left or right. In the *Waling* and *Vukich Cases,* in stating the facts, mention is made of the defendants' cars swerving, but that fact was not even mentioned as a factor in the decision in the *Vukich Case* nor stressed as such in the *Waling Case.* That leaves the *Grodi Case,* to which might be added the case of *Stephens* v. *Kaprowski,* 295 Mich. 213, cited earlier in the Chief Justice's opinion. In both of these cases, as well as in the *Waling Case,* the defendants, after entering the intersection, swerved to their left. In the *Grodi Case* we therefore held that the question of plaintiff's contributory negligence was one of fact for the jury and not one of law because the plaintiff was not bound by law to anticipate that the defendant would at the last moment swerve onto his left half of the street and invade that part of the intersection where the plaintiff had a right to be and the defendant did not. In the *Stephens Case* we affirmed judgment for plaintiff where the trial court had denied defendant's motion for a judgment *non obstante veredicto* on the ground that plaintiff was not required to assume that defendant would swerve left and strike plaintiff in a part of the intersection that would have been a place of safety for plaintiff had defendant observed the law and stayed on his right half of the street. The meaning of these cases, then, is that plaintiff has the right to assume that defendant will continue to drive on his right half of the street; and that plaintiff is not

required to anticipate that defendant will violate the law and swerve over onto his left half of the street. In the instant case it is plaintiff's theory that defendant, when first observed by plaintiff, was driving in the center of the street and that before the collision occurred he had turned over and continued on his right half of the street. The cited cases are not authority for the proposition that the plaintiff had a right to rely on defendant's continuing to drive in violation of the law in the center of the street or that plaintiff need not have anticipated that defendant might ultimately give heed to the law and turn back and continue on the right half of the pavement. It became plaintiff's duty, before entering the intersection, to look, observe defendant's automobile, make a reasonable estimate as to the relative distances of each of the cars from the intersection and the speed at which each was traveling, and then to form a reasonable belief as to whether he could cross the intersection in safety if defendant either continued to drive in the center of the street, as he then appeared to be doing, or turned over and continued thereafter to drive on the right half of the street as required by law. Plaintiff's failure so to do was a proximate cause of the accident. He must, therefore, be held to have been guilty of contributory negligence as a matter of law, barring his right to recovery.

The judgment entered upon the verdict in the circuit court is reversed and judgment entered on defendant's motion for judgment *non obstante veredicto,* with costs in both courts to defendant.

Boyles, North, and Butzel, JJ., concurred with Dethmers, J.

Sharpe, J., did not sit.