BULLIS *v.* MICHIGAN ASSOCIATED TELEPHONE COMPANY.

AUTOMOBILES—STREET INTERSECTION—COLLISION—EQUALLY DIVIDED COURT.

> An equal division of the Court results in affirmance of directed verdict and judgment for defendant whose westbound truck, being driven at speed of 30 miles an hour and two thirds over into the southerly portion of street 18 feet wide between curbs, collided with plaintiff motorist's car which had approached intersection from north where plaintiff's view was somewhat obstructed and although plaintiff had looked twice each way before entering intersection did not see defendant's truck 40 feet away until plaintiff's car was several feet into the intersection and plaintiff's acceleration of speed of 18 miles an hour so as to place car in southerly half of street failed to avoid collision.

Appeal from Muskegon; Pugsley (Earl C.), J., presiding. Submitted January 16, 1952. (Docket No. 61, Calendar No. 45,349.) Decided April 7, 1952. Rehearing denied May 16, 1952.

Action by Richard Earl Bullis against Michigan Associated Telephone Company, a corporation, for damages suffered in automobile accident. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed by an equally divided court.

*Hathaway, Latimer & Clink* (*John B. Olsen,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1160.

DETHMERS, J. (*for affirmance*). Plaintiff drove his automobile south on Bourden street in Muskegon while defendant's employee drove its truck west on intersecting Fair avenue. As plaintiff approached the intersection his view to the left was obstructed somewhat by a house, 3 trees and a telephone pole. When 40 feet back from Fair avenue he looked to his left and saw no vehicle approaching, after which he looked to his right. When 20 to 25 feet back from Fair avenue he again looked to his left, could see east on Fair avenue 75 to 80 feet, saw no approaching vehicle and again looked to his right. He was traveling at the rate of 18 miles per hour. When his automobile reached a point 3 or 4 feet into the intersection he took a third look to his left and saw defendant's truck astride the center line of Fair avenue, about 30 to 40 feet distant, approaching at a rate of speed of at least 30 miles per hour. Plaintiff could not then have avoided the accident by attempting to stop and, therefore, stepped on the gas in an effort to pass ahead of defendant's truck and thus avert the accident. After having passed completely into the south half of Fair avenue the left side of plaintiff's automobile was struck by the front of defendant's truck, two thirds of which was at that time over the south half of Fair avenue. For resulting damages plaintiff sued and from directed verdict for defendant on the grounds of contributory negligence as a matter of law he appeals.

In *MacDonald* v. *Skornia,* 322 Mich 370, 378, may be found a review of a number of the cases applicable to intersection accidents, on the basis of which we said:

"To summarize, we have consistently held guilty of contributory negligence as a matter of law plaintiff drivers entering intersections who do not look at all, or who look but fail to see what is there to

be seen, or who give what is there to be seen a fleeting glimpse but no further heed, or who look but find the vision obscured and proceed into the intersection without ascertaining whether traffic is approaching behind the obstruction, or who fail, after observation, to form therefrom a reasonable belief that the intersection can be crossed in safety."

No worthwhile purpose would be served by a further examination of the applicable cases nor by a consideration of plaintiff's calculations, based on relative speeds and distances, indicative of the time available to plaintiff for the purpose of taking a third look to the left before entering the intersection. However short that time may have been, and regardless of how obstructed his view, the fact remains that plaintiff entered the intersection without having seen defendant's truck approaching at a rate of speed and from a distance and in a position such that a collision was inevitable unless effective measures were taken to prevent it. Due observation would have disclosed that fact. Had he looked when a look would have disclosed the approaching truck and had he traveled at a rate of speed such as would have permitted him to bring his automobile to a stop in sufficient time to avoid an accident in the event proper observation disclosed the necessity therefor, as in this case it would have, no accident would have occurred. There having been no other distracting circumstances which might be deemed sufficient, as a matter of fact, to excuse plaintiff's failure to make timely observation, as in *Scurlock* v. *Peglow,* 263 Mich 658, such failure on his part must be held to have constituted contributory negligence as a matter of law. See *Wells* v. *Oliver,* 283 Mich 168.

Plaintiff stresses the fact that defendant's truck approached the intersection on the wrong side of the road and that the collision occurred after plaintiff's automobile had cleared the center line of Fair ave-

nue, citing in that connection *Knoellinger* v. *Hensler,* 331 Mich 197, and *Gibson* v. *Traver,* 328 Mich 698. See, also, *Rak* v. *Lake,* 271 Mich 274, and *Ehrke* v. *Danek,* 288 Mich 498. The proofs in this case do not show that defendant's employee suddenly accelerated speed or swerved the truck to the left just before or upon entering the intersection. Such circumstances might give rise to the question of whether due observation would have enabled plaintiff to avoid an accident and, consequently, to the question of whether plaintiff's failure to make such observation was, as a matter of fact, a proximate cause of the accident, thus rendering the question of his contributory negligence one of fact rather than of law. No such circumstances or others are shown to have existed in this case which could possibly give rise to any question of fact as to whether due observation on the part of plaintiff would have enabled him to avoid the accident. Plaintiff could have seen defendant's truck approaching on the left side of the road just as well as if it had been on the right side and such observation would have been equally effective in either case to enable plaintiff to avoid the accident.

Judgement affirmed, with costs to defendant.

North, C. J., and Carr and Reid, JJ., concurred with Dethmers, J.

Boyles, J. (*for reversal*). The facts in the case have been accurately stated by Mr. Justice Dethmers. We differ as to the result. Under the facts I feel that, at the least, we should not hold that the plaintiff was guilty of contributory negligence as a matter of law. That question should have been submitted to the jury as an issue of fact.

The plaintiff approached the intersection of 2 streets, going south, neither of which was a through street. The street he was about to cross was about 18 feet between curbs. He was going 18 miles per hour. Within the distance of 40 feet from the intersection he looked each way twice before entering it and saw no approaching vehicle. His vision to the left was obstructed. When he reached 3 or 4 feet into the intersection the defendant's truck was approaching the intersection from the east, at a distance of about 40 feet, going at least 30 miles per hour, astride the center line of the street. The plaintiff could not then have avoided a collision by trying to stop. He tried to accelerate his speed, had completely crossed the center and was in the south side of the intersecting street when his car was hit on the left side by the·front of the defendant's· truck, two thirds of which was then in the south side of the intersection.

Not only had the plaintiff reached a place where he should have been safe, when the collision occurred, but at the time when he accelerated his speed after entering the intersection ahead of the defendant's truck he had formed a correct judgment that he could reach a place where he should be safe without a collision from a vehicle on the left. He had only to cross the north half of an 18-foot street in order to be in a place where he should be safe from collision with a motor vehicle 40 feet distant approaching the intersection from the east, on his left, at about 30 miles per hour.

In directing a verdict for the defendant the trial court gave as his reason therefor:

"Now to make it clear let me read to you from a recent decision of the Supreme Court: 'This Court has held time and again that the driver of an automobile must make proper observation before entering an intersection. If he enters without looking up

and down the street intersecting with that on which he is traveling for approaching traffic, he as plaintiff is guilty of contributory negligence as a matter of law.' "

The reason given does not fit the facts. I do not agree that we should hold the plaintiff guilty of contributory negligence as a matter of law. The question should at least have been submitted to the jury.

The defendant argues that when the plaintiff saw the defendant's truck "straddling the center line with more of the car (truck) to the south of the center line" the plaintiff should have anticipated that the defendant would continue in the same course, without change of direction or speed. In our recent decision in *Knoellinger* v. *Hensler,* 331 Mich 197, at p 201, we held otherwise, as follows:

"Plaintiff was not required to anticipate reckless or unlawful acts on defendant's part. In *Winckowski* v. *Dodge,* 183 Mich 303, 312, quoted with approval in *Suarez* v. *Katon,* 299 Mich 38, it was said:

" 'Contributory negligence cannot be imputed to a plaintiff for failure to anticipate negligent acts of a defendant—no one need anticipate an unlawful act.'

"See, also, *Guina* v. *Harrod,* 275 Mich 393; *Dasovich* v. *Longacre,* 324 Mich 62; *White* v. *Herpolsheimer Company,* 327 Mich 462. The finding of the jury that defendant was guilty of negligence is not questioned.

"In view of plaintiff's testimony as to the manner in which the accident happened, we think that the matter of his contributory negligence is a question concerning which reasonably-minded men might well reach different conclusions. Such being the case it may not be said that he was guilty of contributory negligence as a matter of law. *Nezworski* v. *Mazanec,* 301 Mich 43, 63; *Murray* v. *City of Detroit,* 327 Mich 679; *Staunton* v. *City of Detroit,* 329 Mich 516."

The judgment entered for the defendant on a directed verdict should be set aside and the case remanded for a new trial, with costs to appellant.

BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J.