HUSTED *v.* McINTOSH.

1. AUTOMOBILES—DIRECTED VERDICT—IMPUTED NEGLIGENCE—NEW TRIAL.

In married woman's action against defendant motorist for injuries sustained in collision between defendant's car and one driven by plaintiff's husband, where trial court directed verdict for defendant on the ground that the husband was guilty of contributory negligence which was imputable to plaintiff and Supreme Court later abandoned the long-established doc-

Plaintiff is not barred from recovering by the negligent act or omission of the third person, see 2 Restatement, Torts, §§ 485, 490.

trine of imputed negligence, new trial is granted to determine
questions of defendant's negligence and the contributory neg-
ligence, if any, of plaintiff herself.

2. COSTS—REVERSAL ON ABANDONMENT OF DOCTRINE OF IMPUTED NEG-
LIGENCE—NEW TRIAL.

Upon reversal of judgment because of abandonment of doctrine
of imputed negligence and the granting of a new trial to plain-
tiff, costs of both courts abide the result of a new trial.

Appeal from Shiawassee; Collins (Joseph H.), J.
Submitted January 9, 1946. (Docket No. 30, Cal-
endar No. 43,196.) Decided March 4, 1946.

Case by Goldie Husted against Alex McIntosh for
damages for personal injuries sustained in an auto-
mobile accident. Directed verdict and judgment for
defendant. Plaintiff appeals. Reversed and new
trial granted.

*V. O. Braun* (*Kenneth B. Kelly,* of counsel), for
plaintiff.

*Milton G. Schancupp,* for defendant.

STARR, J.   This case involves an automobile acci-
dent which occurred about 1 o'clock in the morning
of November 5, 1944, on highway M–21 near the city
limits of Owosso. Plaintiff's husband was driving
his automobile west on said highway. Plaintiff was
riding in the front seat with him, and another couple
occupied the back seat. At that time and place de-
fendant was driving east, and a collision occurred
which resulted in severe injuries to plaintiff.

In January, 1945, she began the present suit, al-
leging that defendant was negligent and that her
driver was free from contributory negligence. De-
fendant answered, denying the charge of negligence
and alleging that plaintiff's driver was guilty of

contributory negligence, which was imputable to her. At the conclusion of all proofs the trial court granted defendant's motion for a directed verdict on the ground that plaintiff's driver was guilty of contributory negligence as a matter of law, which was imputed to her and barred recovery. Judgment was entered on the directed verdict, plaintiff's motion for a new trial was denied, and she appeals.

In our opinion in *Bricker* v. *Green, ante,* 218 (163 A. L. R. 697), filed subsequent to the entry of judgment in the present case, we overruled the long-established doctrine of imputed negligence. Therefore, in the case now before us the negligence of plaintiff's driver cannot be imputed to her. The judgment for defendant must be reversed and the case remanded for a new trial to determine the questions of defendant's negligence and the negligence, if any, of plaintiff herself.

Judgment reversed and new trial granted. The allowance of costs of both courts shall abide the result of a new trial.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.