ANSALDI *v.* CITY OF DETROIT.

1. NEGLIGENCE—IMPUTED NEGLIGENCE—INSTRUCTIONS—AUTOMOBILES —STREET RAILWAYS.

> The negligence of the driver of the car in which plaintiff was a passenger is not imputable to her in action for damages arising from collision with defendant's streetcar, hence instruction embodying the *former doctrine of imputed negligence* was reversible error.

2. COSTS—OVERRULED RULE AS TO IMPUTED NEGLIGENCE—INSTRUCTIONS.

> Costs upon reversal of judgment for defendant and granting of new trial in action for damages in which instruction as to imputed negligence had been given in accordance with the then rule since overruled abide the result of the new trial.

Imputation of driver's negligence to plaintiff passenger in action against a third person, see 2 Restatement, Torts, §§ 485, 490.

Appeal from Wayne; Brennan (John V.), J. Submitted October 5, 1945. (Docket No. 61, Calendar No. 42,957.) Decided March 5, 1946.

Case by Fay Ansaldi against City of Detroit for injuries sustained when the automobile in which she was riding was struck by defendant's streetcar. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial ordered.

*Dennis H. Dwyer* (*Stanley S. Krause,* of counsel), for plaintiff.

*Rodney Baxter* and *Harry F. Pisula,* for defendant.

REID, J. This is an action for damages claimed by the plaintiff to have been sustained as the result of a collision between a streetcar operated by the city of Detroit department of street railways and an automobile driven by plaintiff's husband. From a judgment entered upon a verdict for the defendant, plaintiff appeals.

Plaintiff's statement of facts is accepted by the defendant and is substantially as follows:

Plaintiff Fay Ansaldi claims damages as the result of an accident which occurred on February 1, 1943, about 7:30 p.m., while plaintiff was riding as a passenger in an automobile driven by her husband in a northerly direction on Woodward avenue approaching the intersection of a cross street known as Farnsworth avenue as it leads east from Woodward avenue but being known as Putnam avenue as it leads west from Woodward avenue.

Defendant has two streetcar tracks located in the middle of Woodward avenue, one for southbound and the other for northbound traffic. At the time of the accident, there was a traffic signal located at the

intersection in question. Woodward avenue north of the intersection in question curves to the west about 8 feet or 6 degrees.

Plaintiff's car was proceeding about two car-lengths back of a northbound streetcar, and when it was about 100 feet south of the intersection in question, the traffic light for north and southbound traffic on Woodward avenue changed to red and about the same time, when plaintiff's car was 100 feet south of the intersection, a southbound streetcar of the defendant was approximately 100 feet north of the intersection, traveling in a southerly direction and slowing up as it approached the intersection. The northbound streetcar came to a stop at the intersection, in obedience to the traffic signal, and so did all other traffic. Plaintiff's driver continued in a northerly direction until about 10 or 15 feet behind the standing northbound streetcar and at such time commenced slowly to make a U turn on Woodward avenue about 65 feet south of the intersection in order to permit Miss Helena Bowers, another passenger in plaintiff's car, to alight in front of the Maccabees building, which is located at the southwest corner of Woodward and Putnam and the entrance to which is south of such intersection, and when the front left wheel of plaintiff's car got onto the easterly rail of the southbound track it was struck by the southbound streetcar of the defendant, which had failed to stop for the red light, and, further, failed to give any warning whatsoever of its approach, resulting in injuries to the plaintiff. The southbound streetcar did not stop immediately after the collision but kept on going until it reached Warren avenue, one block south of the intersection in question.

At the close of plaintiff's case the defendant also rested, producing no witnesses. After receiving the charge of the court, the jury returned a verdict of

"no cause of action" in favor of the defendant and a judgment thereon was entered on March 21, 1944. A motion for a new trial was made by the plaintiff and was heard and denied on April 10, 1944.

In his charge to the jury the trial court said,

"If the plaintiff's driver, her husband, was negligent, that negligence is imputed or imputable to the plaintiff and would bar her recovery."

While this charge was in accordance with our former decisions, we must in view of our recent decision in the case of *Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697), determine that this charge was erroneous.

It is possible that different or additional facts will be shown on a new trial. We cannot know now precisely what testimony or what rulings or instructions will be given upon a new trial, and we therefore find it unnecessary to determine the other questions raised in this appeal, and decline to rule upon other claimed errors.

The judgment is reversed. A new trial is ordered. Costs to abide the result.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, North, and Starr, JJ., concurred.