SIMMONS *v.* RUBIN.

1. AUTOMOBILES—IMPUTED NEGLIGENCE—PASSENGER FOR HIRE.

The contributory negligence of the driver of an automobile in which plaintiff was a passenger for hire would not be imputed to plaintiff in his action for damages arising because of the negligence of the driver of another car for injuries sustained as the result of a collision of the two cars.

2. SAME—REPUDIATION OF DOCTRINE OF IMPUTED NEGLIGENCE—PASSENGERS.

Since the doctrine of imputed negligence has been repudiated by this Court it is immaterial whether or not passenger, as plaintiff in action for damages because of the negligence of the driver of another car, was a passenger for hire or not as the contributory negligence of the driver of plaintiff's car would not now be imputed to him in either case.

3. NEW TRIAL—REPUDIATION OF DOCTRINE OF IMPUTED NEGLIGENCE—COSTS.

Where case was tried before doctrine of imputed negligence was repudiated by this Court and court gave instruction that was correct as the law then stood, case is reversed and new trial granted, with costs to abide the result.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 9, 1946. (Docket No. 26, Calendar No. 43,151.) Decided April 1, 1946.

Case by John F. Simmons against Sámuel Rubin and Edward Davis for injuries sustained in an automobile accident. Case dismissed as to Edward Davis on plaintiff's motion. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

Imputation of driver's negligence to plaintiff passenger in action against a third person, see 2 Restatement, Torts, §§ 485, 490.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Pelton, McGee, Howlett & Hartman,* for defendant.

BOYLES, J. Plaintiff, while a passenger in an automobile driven by defendant Edward Davis, was injured in a collision between the Davis automobile and one driven by the defendant Samuel Rubin. Plaintiff sued both drivers but at the trial voluntarily dismissed his suit against his driver, Davis, and the jury returned a verdict of "no cause of action" against plaintiff as to Rubin. From the judgment entered thereon plaintiff appeals.

The case stands here on appeal as a suit by plaintiff, as a passenger in the Davis car, against Rubin for damages claimed to result from Rubin's negligence. Involved in the case were the usual issues as to negligence and contributory negligence of the drivers.

At the trial the court and jury were called upon to consider whether plaintiff was a passenger for hire, in the Davis automobile. If he was, under our decisions the contributory negligence of Davis, if any, would not be imputed to his passenger. *Lachow v. Kimmich,* 263 Mich. 1 (90 A. L. R. 626, 32 N. C. C. A. 579). The court instructed the jury that there was no proof in the case that plaintiff was a passenger for hire, and further charged that if the jury found that plaintiff's driver, Davis, was guilty of any negligence which contributed to the accident it would be imputed to plaintiff and he could not recover.

This was a correct statement of the law at the time the case was tried. The doctrine of imputed negligence has since been repudiated by this court. *Bricker v. Green,* 313 Mich. 218 (163 A. L. R. 697).

Under that and subsequent decisions we reverse and grant a new trial.

Consequently, in the instant case it matters not whether plaintiff was a passenger for hire. If he was, any negligence of his driver would not be imputed to him, under former decisions. If he was not, still any negligence of his driver would not be imputed to him, under the *Bricker Case*.

The judgment must be set aside on the ground that it was error to charge the jury that the plaintiff may not recover if the driver of the car in which the plaintiff was riding was guilty of negligence which contributed to the accident.

In view of the above conclusion, it is not necessary to consider the other questions urged by appellant for reversal.

Reversed and new trial granted, with costs to abide the result.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, North, and Starr, JJ., concurred.