JOHN VUKICH v. CITY OF DETROIT.
HELEN VUKICH v. SAME.
BORSE v. SAME.
MAKOHON v. SAME.

1. NEGLIGENCE—IMPUTED NEGLIGENCE.

Charge to jury that motorist's negligence was imputable to his passengers, although a correct statement of law when made before decision of case overturning doctrine of imputed negligence, constitutes reversible error.

2. AUTOMOBILES—HEADLIGHTS—PROXIMATE CAUSE.

Failure of plaintiff motorist to have his headlights burning would not preclude recovery by him as a matter of law in action against owner of municipal bus unless there was some causal connection between the accident and the absence of such headlights to make such negligence proximate and contributory.

3. TRIAL—ARGUMENT TO JURY—PREJUDICE—INTOXICATING LIQUOR.

Argument of defendant's counsel to jury that plaintiff's counsel was unwilling to have hospital records introduced in evidence since they suggested that plaintiff driver was under the influence of alcohol was prejudicial where such records were excluded for purpose of showing such condition because doctor making the diagnosis was absent.

4. AUTOMOBILES—INTERSECTIONS.

A motorist approaching an intersection on a stop street is not required to accurately and trustworthily determine the speed

---

Plaintiff's negligence is a legally contributing cause if a substantial factor in bringing about his harm, see 2 Restatement, Torts, §§ 465, 466, comment g, 430 and 431; standard of conduct defined, §§ 283–285.

of a vehicle approaching on the through road he is about to cross since if he reaches the intersection in advance of the other and proceeds across under such conditions of relative distances and speeds as would induce in a reasonably prudent man the belief that he can cross in safety, he is not guilty of negligence.

5. TRIAL—SPECIAL QUESTIONS BY COURT WITHOUT REQUEST.
The right of a court to submit special questions to jury which will aid in reaching a proper verdict is coextensive with its power to give instructions generally where statute and applicable court rule are silent as to right of court to submit such questions without the request of either party (3 Comp. Laws 1929, § 14290; Court Rule No. 37, § 6 [1945]).

6. AUTOMOBILES—INSTRUCTIONS—INTERSECTIONS.
Instruction that plaintiff motorist, approaching an intersection, must accurately and trustworthily determine the speed of bus approaching on the road he is about to cross imposed an improper burden on plaintiff.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 10, 1947. (Docket Nos. 30–33, Calendar Nos. 43,710–43,713.) Decided October 13, 1947.

Separate actions of case by John Vukich and Wolverine Insurance Company, assignee of John Vukich, Helen Vukich, Edward Borse and Olga Makohon against City of Detroit for damages sustained in collision between automobile driven by John Vukich and defendant's bus. Verdict and judgments for defendant. Plaintiffs appeal. Reversed and new trials granted.

*Charles F. Meyler* (*James M. Cleary* and *Ralph K. Panzer,* of counsel), for plaintiffs.

*Leo A. Sullivan,* for defendant.

BUSHNELL, J. The separate appeals of the plaintiffs in four street intersection collision cases are presented in a single record. It contains the plead-

ings, testimony, judgment, et cetera, in only one of these cases which, by stipulation of counsel, are said to be identical with the other three.

About 5 o'clock on the morning of May 7, 1944, plaintiff John Vukich was driving his automobile northerly on Chase road approaching Tireman avenue in the city of Detroit. Chase road, north of the intersection of Tireman, is known as Hubbell avenue. His wife, Helen Vukich, and their friends, Edward Borse and Olga Makohon, plaintiffs in the other three cases, were passengers in the Vukich car. A bus operated by defendant city of Detroit (department of street railways), was proceeding westerly on Tireman avenue.

Vukich testified that as he approached Tireman, which is a through street, he came to a complete stop at the south crosswalk and looked east and west. He observed the lights of a vehicle on Tireman at Strathmoor, the first block east of Chase, which he judged had crossed that intersection at a speed of between 20 and 25 miles an hour. Believing that he had plenty of time to cross ahead of this vehicle, Vukich proceeded, and as he reached the center of the intersection he suddenly realized that the approaching vehicle had doubled its speed. He then noticed the headlights of a bus, which was "swerving" into him. It is his contention that the collision occurred when not more than one foot of the rear end of his automobile was within the Tireman intersection.

The bus driver, James R. Mitchell, testified that the weather was clear, his bus headlights were lighted, but there were no lights inside the bus as he had no passengers on board. He was proceeding to the end of his run at Tireman and Greenfield about 6 or 7 blocks west of Chase road, where he had a few minutes layover. He testified that as he

approached Tireman and Hubbell he saw an automobile traveling north on Chase, which did not stop at the intersection but proceeded across at a speed of about 35 miles an hour; that when he first observed this car it was only 30 or 35 feet away; that he expected it to stop before crossing Tireman, and when it did not he applied his brakes and turned to the right in an attempt to avoid a collision.

The questions of the negligence of defendant's driver and the contributory negligence of Vukich were submitted to a jury, which rendered a verdict in each of the four cases of no cause of action. After denial of the several motions for new trial on behalf of each plaintiff, they have each appealed from a judgment entered upon the jury's verdict.

The questions raised here have to do with claimed errors in the court's charge to the jury, improper comment by defendant's counsel upon excluded testimony, and the court's ruling on plaintiff Vukich's objection thereto. Appellants also insist that the trial court improperly, on its own motion, submitted special questions to the jury notwithstanding plaintiff's objections, which were improper both in form and substance, and that the court erred in charging the jury that Vukich's negligence, if any, was imputable to the occupants of his car.

Plaintiffs argue that the court erred in charging the jury on the question of imputed negligence. The consolidated trial of the four actions was concluded on October 13, 1945. Decision in *Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697), was rendered on January 7, 1946. Motions for new trials in the instant cases were filed on November 2, 1945. Amendments to these motions were allowed on February 8, 1946, and the court's opinion denying the motions was filed on October 11, 1946. In *Bricker* v. *Green,* at page 236, we said:

"The rule of imputed negligence as announced and applied in *Lake Shore & Michigan Southern Railroad Co.* v. *Miller,* 25 Mich. 274, and in subsequent cases of like character, is overruled, so far as pending and future cases are concerned."

The instruction when given was a correct statement of the law at that time. However, following decision in *Bricker* v. *Green,* we have applied the rule there announced to cases subsequently reviewed. See *Husted* v. *McIntosh,* 313 Mich. 507; *Moore* v. *Rety,* 314 Mich. 52; *Ansaldi* v. *City of Detroit,* 314 Mich. 73; *Major* v. *Southwestern Motor Sales, Inc.,* 314 Mich. 122; *Simmons* v. *Rubin,* 314 Mich. 183; *Herman* v. *Metal Office Furniture Co.,* 317 Mich. 185.

The trial judge charged the jury as follows:

"Now, I will charge you if he (Vukich) did not have his headlights on that as a matter of law he was guilty of negligence because the law provides that a driver who is driving during the hours of darkness must have his headlights on and it is negligence, too, as a matter of law to be on dark streets without your headlights on. If you are not able to say affirmatively that Mr. Vukich did have his headlights on then his case stops right there. He cannot recover because he is guilty as a matter of law of negligence on his own count."

We do not understand this to be a correct statement of the law, because there must have been some causal connection between the accident and the absence of Vukich's headlights in order to make such negligence proximate and contributory. See *Hanser* v. *Young,* 212 Mich. 508; *Diederichs* v. *Duke,* 234 Mich. 136, and authorities therein cited.

During the cross-examination of plaintiff Vukich, the records of the Receiving Hospital were presented. They were properly admitted only in part,

but excluded in the absence of the doctor making the diagnosis insofar as they suggested that Vukich at the time was under the influence of alcohol. Defendant's counsel, however, argued to the jury that plaintiff was unwilling to have these records in evidence. This argument was deemed prejudicial by plaintiff's counsel, but the court ruled that it was not. This prejudicial error is unlikely to occur at a new trial.

The trial judge, without request of counsel for either party, submitted on his own motion and over objection of plaintiff's counsel four special questions as follows:

"1. Did John Vukich have enough chance to observe the bus from the time he saw it at the far side of Strathmoor until it crossed that street to enable him to determine accurately that it was going 20 to 30 miles per hour?

"2. Did John Vukich have time, and did he make sufficient observation of the bus when it was about 100 feet east of Chase road, to determine accurately and trustworthily that it was then going 40 to 60 miles per hour?

"3. Did John Vukich look away from the bus after concluding it was going 20–30 miles per hour at the west side of Strathmoor and then look again at it and see it 100 feet east of him?

"4. Was the rear end of Vukich's car north of the north curb of Tireman avenue when the bus hit the car?"

The record, however, fails to show whether these questions were ever answered by the jury. If erroneous in substance, it is of small moment whether or not they were answered as prejudicial error resulted from the language therein. One driving a car approaching an intersection is not required to "accurately and trustworthily" determine the speed of an approaching vehicle.

The proper rule is stated in *Kerr* v. *Hayes,* 250 Mich. 19:

"Where a driver reaches a road intersection in advance of another and under conditions of relative distances and speeds as would induce in a reasonably prudent man the belief that he can cross in safety, he is not guilty of negligence in proceeding."

See, also, the elements required as stated in *Ayers* v. *Andary,* 301 Mich. 418, 425; *Francis* v. *Rumsey,* 303 Mich. 526, 532, *et seq.,* and *Waskelis* v. *Continental Baking Co.,* 310 Mich. 649, 653.

The language used by the trial judge imposed too great ·a burden upon plaintiffs.

Appellants also question the propriety of the submission of special questions on the court's own motion. The statute, 3 Comp. Laws 1929, § 14290 (Stat. Ann. § 27.1019), provides the manner and form in which special questions shall be submitted. Both it and the applicable rule, Court Rule No. 37, § 6 (1945), are silent as to the right of the court to submit such questions without the request of either party.

We accept and adopt the language found in 53 Am. Jur. p. 738:

"Although the submission of special questions, when requested, is required by statute, the court is not thereby forbidden, in the exercise of its inherent power, from submitting on its own motion special questions which will aid in reaching a proper verdict, its right in this respect being coextensive with its power to give instructions generally."

Because of the improper burden placed upon plaintiffs in stating in the special questions to the jury that Vukich was required to "accurately and trustworthily" determine the speed of the approaching bus, a new trial must be granted as to each

plaintiff.   Because of this determination it is unnecessary to pass upon the other questions presented by appellants.

The several judgments are vacated and new trials are granted, with costs to appellants.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.