WIDER *v*. DETROIT UNITED RAILWAY.

1. STREET RAILROADS—PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE.

> One who steps or drives upon a railroad immediately in front of an approaching street car, and is struck, when, had he looked before so attempting to cross, he must have seen the proximity of the car and the necessary consequences, is chargeable with contributory negligence, as a matter of law.

2. SAME—FAILURE TO LOOK—QUESTION FOR JURY.

> Where, at the time plaintiff turned to cross a street-car track, the car by which he was struck was more than 200 feet away, and at the time of the collision was running at an unusual, if not an unlawful, rate of speed, the question whether plaintiff was negligent in failing to look a second time immediately before driving upon the track was for the jury; plaintiff not being required to refrain from crossing because the car was in sight.

Error to Wayne; Hosmer, J. Submitted February 21, 1907. (Docket No. 54.) Decided March 12, 1907.

Case by William Wider against the Detroit United Railway for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Brennan Donnelly & Van De Mark*, for appellant.

*Frank D. Andrus*, for appellee.

HOOKER, J. The undisputed testimony in this case establishes the fact that the plaintiff, driver of an ice wagon, attempted to cross the defendant's street-car track, when his horses, proceeding upon a walk, were struck by a car coming from the same direction that the plaintiff had been driving. He was driving in a covered wagon, with openings at his side, through which he could look out. He testified that before attempting to cross he

looked by "bending or hanging out" of said opening to see whether a car was coming, and did not see any; that his horses' heads were then 13 feet from the railway; and that he immediately started them toward the track, with the intention of crossing. There is nothing to indicate that he looked again, or saw any car, until just before the car struck the team. On the contrary, the testimony indicates that he did not. The important question in the case is that of contributory negligence.

The accident happened in the evening, and the street was lighted by arc lights. There is testimony that there was no light upon the car, or inside of it, though the contrary was proved by a strong preponderance of proof. The principal witness for the plaintiff said that he did not see any lights in or upon the car, but that he saw the car at Burns avenue, 226 feet from the place of the accident, as the plaintiff turned to cross the track. It does not appear that he saw it again until an instant before it struck the plaintiff's horses. Plaintiff recovered a judgment, and the defendant has appealed.

We have held that one who steps or drives upon a railroad immediately in front of an approaching street car, and is struck, when, had he looked before so attempting to cross, he must have seen the proximity of the car, and the necessary consequences, is chargeable with contributory negligence, as a matter of law (*Houghton* v. *Railway Co.*, 99 Mich. 308; *Kelly* v. *Hendrie*, 26 Mich. 261; *Fritz* v. *Railway Co.*, 105 Mich. 50; *Borschall* v. *Railway*, 115 Mich. 477; *Henderson* v. *Railway Co.*, 116 Mich. 374; *Doherty* v. *Railway Co.*, 118 Mich. 209; *McCarthy* v. *Railway Co.*, 120 Mich. 400; *Merritt* v. *Foote*, 128 Mich. 367; *Garrity* v. *Railway Co.*, 112 Mich. 374 [37 L. R. A. 529]), and that such nearness of the car is sometimes demonstrable from the circumstances of the accident.

On the other hand, we have held that a man is not required to refrain from crossing whenever a car is in sight, and that there are cases where he may properly exercise

his judgment upon the question of when he should attempt to cross the track, and in such cases he may or may not be guilty of contributory negligence, and whether he is or not is usually a question for the jury. The application of this rule is most common in cases where the car is seen, but its distance or speed is miscalculated ( *Garrity* v. *Railway Co.*, 112 Mich. 369 [37 L. R. A. 529]; *Chauvin* v. *Railway*, 135 Mich. 85), or cases where there is evidence justifying the conclusion that the injured party looked, and that no car was visible, within such a distance as would justify him in making an attempt to cross ( *Ryan* v. *Railway Co.*, 123 Mich. 599; *Moran* v. *Railway*, 124 Mich. 582). See, also, *Garrity* v. *Railway Co.*, supra.

In the present case the jury would have been justified in finding that the plaintiff was negligent in not looking just before driving upon the track, if he did not look, and it was certainly open to the jury to find that, had he looked, he must have seen the car to be so near that it would be reckless to try to cross in front of it. Indeed, if this record permitted, we should be inclined to reverse the judgment as contrary to the clear weight of evidence. But, on the other hand, there is testimony which, if believed, would justify the conclusion that, at the time the plaintiff turned to cross the track, the car was more than 200 feet away, and that, at the time of the collision, it was running at an unusual, if not an unlawful, rate of speed, and while perhaps a distance of 200 feet may leave a doubtful margin of safety to one crossing in front of a swiftly moving car, without looking immediately before driving upon the track, it may be otherwise where the speed is less. If we could say that the undisputed testimony was to the effect that this plaintiff drove upon the track when this car was so near that it must have been seen and the danger apprehended, had plaintiff looked, we should reverse the judgment under the rule of the cases cited; but, as there was an opportunity to find that the distance was 200 feet or more when he looked, we are of the opinion that it was for the jury to say whether an attempt

to cross would have been negligent, even had plaintiff seen the car, under the rule of *Garrity* v. *Railway Co.*, supra, provided they should find that the testimony referred to was true.

The only other point raised relates to the argument of counsel on the subject of damages. We are of the opinion that the cause should not be reversed on this ground.

Judgment affirmed.

McALVAY, C. J., and CARPENTER, OSTRANDER, and MOORE, JJ., concurred.