SPENCER *v.* CITY OF DETROIT.

1. NEGLIGENCE—CONCURRENT NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
   Where there is concurrent negligence of parties, doctrine of subsequent negligence has no application.

2. STREET RAILWAYS—MOTOR VEHICLES—NEGLIGENCE—PROXIMATE CAUSE—SUBSEQUENT NEGLIGENCE.
   Where automobile driver drove his automobile onto street car track to pass parked automobile, in view of approaching street car, and continued on track until collision occurred, his negligence was proximate cause of accident, and doctrine of subsequent negligence is inapplicable; especially where it appears that collision occurred in less than second and one-half after motorman first saw oncoming automobile.

As to contributory negligence of one driving vehicle ahead of or toward street car along or close to track, see annotation in 63 A. L. R. 33.

3. Same—Concurrent Negligence.

> If, under circumstances, motorman was guilty of negligence, it was concurrent with that of automobile driver, affording no basis of recovery for latter's death.

Clark, C. J., and McDonald, J., dissenting.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted October 27, 1931. (Docket No. 70, Calendar No. 35,949.) Decided April 4, 1932.

Case by Amos A. Spencer, administrator of the estate of Oscar Spencer, against City of Detroit, a municipal corporation, for personal injuries resulting in death of plaintiff's decedent alleged to be due to defendant's negligence. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

*Leo J. Carrigan,* for plaintiff.

*Raymond J. Kelly* and *Leo A. Sullivan* (*A. Albert Bonczak,* of counsel), for defendant.

McDonald, J. (*dissenting*). This is an action to recover damages for injuries resulting in the death of Oscar Spencer occasioned by a collision between an automobile which he was driving and one of the defendant's street cars. The accident happened on Temple avenue near Twelfth street in the city of Detroit, Michigan. Temple avenue is a narrow thoroughfare with a single street car track in the center. At the point of the accident there was a parked automobile at the southerly curb of the street. There was not sufficient room for a motor vehicle to pass between the parked automobile and a street car running parallel to it. The plaintiff's decedent was driving eastward following a taxicab.

The street car was coming from the opposite direction. When the taxicab reached the parked automobile, it veered to the left over the street car track, and, after passing, resumed its proper place in the street. The decedent attempted to pass the parked automobile in the same way, but before he got off the track, he was struck by the street car. He received injuries which resulted in his death a few days later.

On the trial at the close of the plaintiff's case, the defendant moved for a directed verdict on the ground of contributory negligence and lack of evidence to show defendant's negligence. Decision was reserved. At the conclusion of all the evidence, the trial court submitted to the jury only the question of subsequent negligence. The verdict was in favor of the plaintiff. On motion, a judgment for the defendant *non obstante veredicto* was entered. The plaintiff has appealed.

The principal question involved is whether the court was right in holding as a matter of law that the defendant was not guilty of subsequent negligence.

Conceding, for the purpose of this discussion, that the plaintiff's decedent was negligent in driving on the track, in view of the approaching street car, his negligence ceased when he attempted to drive off and avoid the collision. The motorman had a clear view of the track, and says that he observed the decedent's peril. There is evidence that at that time he was 20 or 30 feet from the automobile. He testified that the street car was going at a speed of 5 miles an hour, and that he could have stopped it within a distance of 3 or 4 feet. If he had done so he would have avoided the accident. The plaintiff's evidence is that he made no attempt to stop the car; that its speed was not slackened before the collision.

If he was able to avoid the collision by stopping the car, after observing the decedent's position of peril, and made no reasonable effort to do so, he was guilty of subsequent negligence. In view of the evidence, the question was for the jury.

My Brother, Justice NORTH, contends that the record presents a case of concurrent negligence. He bases his contention on a misunderstanding of the speed of decedent's automobile, which he claims was traveling 18 or 20 miles an hour. Leon L. Theuret, a witness for the defendant, testified:

"The automobile was not coming at all fast.

"*Q.* How fast do you think it was coming?

"*A.* I think he was coming about 10 or 12 miles an hour. I was surprised at how slow the man was coming. That was in my mind all the time."

In view of this evidence, Justice NORTH is wrong in his conclusion as to the time the collision occurred after the motorman observed the decedent's position of peril.

In disposing of the motion for judgment *non obstante veredicto,* the trial court was of the opinion that he could consider only such testimony as had been introduced up to the close of the plaintiff's case, at which time the defendant requested a directed verdict. In this the court was wrong. The hearing on the question of the entry of a judgment, notwithstanding the verdict, is a reserved consideration of a request made for a directed verdict at the close of all the testimony. If, as a matter of law, a defendant is entitled to a directed verdict at that time, he is entitled to judgment notwithstanding the verdict after the jury has determined the issue against him. But all of the evidence must be considered. In this case, when so considered, it clearly

appears there is evidence that would justify the jury in finding subsequent negligence. The court erred in entering a judgment for defendant.

As the record contains no assignments of error by the defendant, the judgment should be reversed, and the cause remanded to the circuit court for the entry of judgment on the verdict as rendered. *In re Knox's Estate,* 220 Mich. 469; *Yacobian* v. *Vartanian,* 221 Mich. 25.

The judgment should be reversed, with costs to the plaintiff.

CLARK, C. J., concurred with McDONALD, J.

NORTH, J. I am not in accord with Justice McDONALD's statement:

"Conceding, for the purpose of this discussion, that the plaintiff's decedent was negligent in driving on the track, in view of the approaching street car, his negligence ceased when he attempted to drive off and avoid the collision."

Nor can I concur with his holding that the verdict and judgment can be sustained on the theory of subsequent negligence.

The negligence of plaintiff's decedent continued until the instant of the impact, because he continued to drive his automobile forward and in the direction in which it collided with the street car. It was a proximate cause of the accident itself.

"If there was concurrent negligence, the doctrine of subsequent negligence could have no application. * * * In order that there be intervening negligence on the part of the defendant, it is necessary that the plaintiff's antecedent negligence as a proximate cause should have ceased. The evidence is that it continued up to the time of the impact, that

is, assuming that the cars collided on the pavement. The doctrine of subsequent negligence is not applicable." *Howell* v. *Hakes,* 251 Mich. 372.

To the same effect see *Gibbard* v. *Cursan,* 225 Mich. 311.

Justice McDonald calls attention to an inaccuracy in a former draft of this opinion wherein the speed at which decedent was driving his automobile was placed at 18 to 20 miles per hour. Conceding this, and accepting the minimum rate of 10 miles per hour as the rate at which plaintiff's decedent was driving, still the principle by which this case is governed is not rendered less applicable. If, as appears from the facts in Justice McDonald's opinion and construed most favorably to plaintiff, decedent was driving only 10 miles per hour and the street car was traveling only 5 miles per hour, and the two were 30 feet from each other when the motorman had his first view of the oncoming automobile, still the impact would occur in less than a second and a half thereafter.

The law does not require performance of the impossible. It is a matter of common knowledge that in an emergency an interval of time must be allowed for one's mental faculties to function, then follows performance of the physical acts incident to averting the impending danger, and then a further interval of time intervenes in which the applied mechanical parts—such as brakes—are taking effect. Defendant's motorman not only had to discover that plaintiff's decedent was approaching in the path of the street car, but also that, because of the automobile parked at the curb, plaintiff's decedent could not veer to his right and leave the street car track as the taxicab driver had done the instant before. Until the motorman comprehended this full situa-

tion, or in reason should have done so, he could not be held guilty of subsequent negligence, because until that instant the motorman was guilty of no negligence whatever. If the motorman was guilty of negligence thereafter, it was negligence which was concurrent with that of plaintiff's decedent in causing the accident. As this court said in *Szost* v. *Dykman*, 252 Mich. 151, so here, the testimony shows no point of time or place at which defendant's negligence became subsequent to that of plaintiff's decedent. Splitting time to the fraction of a second as a basis of applying the doctrine of subsequent negligence is more than either a practical or a just application of this phase of the law will permit. On this record there is neither reason nor justice in permitting recovery against the defendant on the theory of subsequent negligence.

The following determination reached by the trial court is sustained by the record:

"The fact that the driver of the automobile attempted to swerve his car to the right between the parked car and the street car does not absolve him from contributory negligence. That act, in my opinion, came too late to warrant the court in saying that the negligence of the decedent had ceased to operate. It came at too late a time for the court to say that the motorman should have apprehended that the plaintiff was in a place of peril and should have taken effective steps to avoid the accident."

The judgment entered in the circuit court is affirmed, with costs to appellee.

POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred with NORTH, J.