BOOTH *v.* CITY OF DETROIT.

POSTLE *v.* SAME.

SHAW *v.* SAME.

1. Street Railways—Negligence—Signals—Crossing Highway—Evidence.

In action by passengers in automobile against municipal corporation for injuries sustained when defendant's streetcar turned right at an angle of 45 degrees to proceed around loop at end of line in front of automobile in which they were riding on westbound traffic lane at 6 o'clock on a late and dark November day, evidence in nonjury trial *held*, to support trial court's finding of fact that defendant's motorman was guilty of negligence which was a proximate cause of the accident where it appears that although he saw plaintiffs' car and another approaching at some distance to the rear, he did not stop before crossing in front of them nor give an audible signal.

2. Automobiles — Contributory Negligence — Evidence — Sudden Danger.

Finding of fact by court in nonjury trial of actions by passengers of automobile against municipal corporation, as operator of street railway, that driver of automobile was not guilty of contributory negligence was sustained by evidence, where it appears that although permissible speed was 45 miles an hour he was going 40 miles an hour, was not familiar with the situation, and defendant's streetcar crossed in front of him without either visible or audible warning but that immediately upon notice of danger he did everything then possible to avoid collision.

Appeal from Wayne; Campbell (Allan), J. Submitted October 19, 1939. (Docket Nos. 154–156, Calendar Nos. 40,710–40,712.) Decided February 14, 1940. Rehearing denied April 1, 1940.

Separate actions of case by Anne Booth, Mildred Postle, and Daisy M. Shaw against City of Detroit, a municipal corporation, for personal injuries sustained when the automobile in which they were riding collided with a streetcar. Cases consolidated for trial and appeal. Judgments for plaintiffs. Defendant appeals. Affirmed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiffs.

*Rodney Baxter* and *Wm. J. McBrearty,* for defendant.

NORTH, J. These three suits, consolidated and tried together in the circuit court without a jury, are for damages for personal injuries sustained by the respective plaintiffs in consequence of a collision between an automobile in which plaintiffs were passengers and one of defendant's streetcars. Plaintiffs allege that they and the driver of the automobile were free from contributory negligence and that the proximate cause of the collision was the negligence of the motorman in charge of defendant's streetcar. Plaintiffs had judgments in the circuit court and defendant has appealed.

The defendant by appropriate motions sought to have the circuit judge hold against plaintiffs on the ground that under the record as a matter of law there was no testimony to sustain a finding that defendant's motorman was guilty of negligence, and also on the ground that under the record as a matter of law the driver of the automobile was guilty of contributory negligence which should be imputed to the respective plaintiffs. In this court appellant seeks reversal for the following reasons:

1. That the trial court erred in holding as a matter of law and of fact that defendant's agent, the motorman, was guilty of negligence.

2.   The trial court also erred in holding as a matter of law and of fact that plaintiffs (and their driver) were free from contributory negligence.

The accident happened about 6 o'clock in the evening of November 27, 1937. The night was dark and misty. The automobile in which plaintiffs were riding as passengers was owned and driven by Mr. Neil D. Campbell. He was proceeding in a westerly direction on Grand River avenue. In the locality of the accident Grand River avenue is a boulevard. There are two paved ways for vehicular traffic. The one on the south carrying the eastbound traffic is about 40 feet from curb to curb, and the one on the north carrying the westbound traffic is the same width. Between the two there is an unpaved strip about 80 feet wide and defendant's streetcar tracks are located on this center strip. The westbound tracks are laid about 17 feet south of the north curb line of the center portion of the highway. The Seven Mile road intersects Grand River avenue, and 250 to 275 feet east of this intersection defendant's westbound streetcar tracks turn to the right at an angle of about 45 degrees and cross the northerly paved portion of the boulevard in a northwesterly direction. At this point, it being the end of the Grand River streetcar line, there is a loop around which defendant's cars proceed preparatory to the return trip toward Detroit.

As Mr. Campbell was proceeding westerly along the boulevard he observed defendant's streetcar proceeding in the same direction; but at this point there was nothing to advise him that directly ahead the streetcar would be turning to its right and across the pathway of the automobile. On this section of the highway the maximum rate of speed for vehicular traffic is 45 miles per hour. The testimony indicates, and the circuit judge found that Mr. Campbell

was driving in the neighborhood of 40 miles per hour. It was not until after the streetcar had entered in part upon the northerly paved portion of this boulevard that Mr. Campbell observed it was making the turn and was aware of the condition with which he was then confronted. He at once applied his automobile brakes and swerved somewhat to his right in an effort to avoid this collision. But in spite of Mr. Campbell's efforts the automobile struck the right rear of the streetcar and plaintiffs' injuries resulted.

The record is somewhat uncertain as to the point at which the automobile was proceeding when Mr. Campbell first observed the streetcar. It does appear at that time Mr. Campbell was just passing another automobile and the streetcar was approximately halfway between the Campbell automobile and the point where the tracks proceeded across the pavement; and there is testimony that when Mr. Campbell first saw the streetcar it was "back at least two or three car lengths." It is undisputed that the streetcar did not stop before crossing the westbound automobile traffic lane; but it did slow down from its speed at 30 to 35 miles per hour to 3 to 10 miles per hour, the testimony on this phase of the case being at variance. The motorman testified that before proceeding to cross the pavement he looked back to the east and saw two automobiles alongside of each other. He placed them at about two blocks distant at the time, and stated that after such observation he continued to cross the highway. The circuit judge, who saw and heard the witnesses, referring in his opinion to this phase of the record said:

"There seems to have been no effort on the part of the motorman to ascertain with any degree of certainty what was the position of the automobile in

the area indicated, although his testimony is that he slowed to 6 miles (later corrected to 3 to 5 miles) an hour and made an observation of the present two cars at least a distance of 300 or 400 feet."

The streetcar bore the usual headlight and the usual lights on the interior; and the headlights on the Campbell car were operating.

From the foregoing and other details appearing in the record we think it is clear that the trial judge was correct in his holding that there was an issue of fact both as to the negligence of defendant's agent being the proximate cause of the accident and as to plaintiffs being free from imputed contributory negligence on the part of Mr. Campbell. And further, we agree with the trial judge that defendant's motorman was guilty of negligence in turning across the path of the westbound vehicular traffic without stopping his car or giving audible signal when he knew at the time he entered upon the pavement automobiles were approaching from the east. We are mindful of the motorman's testimony as to the distance at which the automobiles were approaching; but there is in the record the undisputed physical fact of the impact occurring almost instantly which strongly refutes the testimony given by the motorman. The testimony abundantly sustains the conclusion of the circuit judge that the Campbell automobile was proceeding at the rate of approximately 40 miles per hour. Under such circumstances the circuit judge properly held defendant's motorman was guilty of negligence which was a proximate cause of the accident.

Likewise on the question of contributory negligence we think the record sustains the finding of the circuit judge. The undisputed testimony is that Mr. Campbell was not familiar with the situation at the point of accident. He was suddenly confronted with

the unforeseen danger resulting from the streetcar crossing the path of westbound vehicular traffic. He was proceeding at a lawful rate of speed and otherwise in a lawful manner along this highway; and, immediately upon the development of the situation that gave him notice of the danger, he did everything in his power to avoid the collision. He was unable to do so. The holding of the circuit judge that plaintiffs are not barred from recovery by reason of contributory negligence must be sustained. The judgments entered in the circuit court are affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McAllister, WIEST, and BUTZEL, JJ., concurred.