MURRAY *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Evidence must be considered in the light most favorable to plaintiff in determining whether the trial court properly directed a verdict against him.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Precise rules by which to measure all acts of contributory negligence cannot be laid down as some cases must of necessity stand or fall on their own facts.

3. SAME—DIRECTED VERDICT.

A state of facts should not result in a determination of negligence as a matter of law where reasonable minds may differ upon those facts.

4. STREET RAILWAYS—ONE-WAY STREET—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether or not plaintiff motorist in passing to left of parked truck and going onto streetcar tracks in middle of one-way street was guilty of contributory negligence in failing to make timely observation that streetcar was traveling thereon in opposite direction presented a question of fact for determination of jury.

5. SAME—PRESENCE OF TRACKS—NOTICE OF DANGER—ONE-WAY STREETS.

Presence of one set of streetcar tracks in middle of one-way street while it gives notice of danger does not give notice that streetcars thereon travel against the flow of other vehicular traffic.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 945.
[2] 38 Am Jur, Negligence, §§ 181, 190.
[3, 4] 5 Am Jur, Automobiles, §§ 420, 703.
[3] 38 Am Jur, Negligence, § 345.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted April 7, 1950. (Docket No. 30, Calendar No. 44,728.) Decided May 18, 1950.

Case by Roy E. Murray against City of Detroit (Department of Street Railways) for injuries sustained when his automobile was hit by defendant's streetcar. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Charles O. Crain,* for plaintiff.

*Leo A. Sullivan,* for defendant.

BUTZEL, J. Roy E. Murray brought an action against the city of Detroit (Department of Street Railways) for injuries and damages incurred when his automobile was involved in a head-on collision on a one-way street with a streetcar operated in the opposite direction by defendant's agent. At the conclusion of plaintiff's proofs the trial court directed a verdict of no cause of action on the ground that plaintiff was contributorily negligent as a matter of law. The court denied plaintiff's motion for a new trial and he has appealed. This opinion is limited to the question of whether a verdict should have been directed by the circuit judge.

Beginning at Grand River, Fourth avenue is a southbound thoroughfare. An ordinance of the city of Detroit designates it as a one-way street from Grand River to West Fort street. Henry street runs east and west. Henry street and Fourth avenue intersect and thereafter merge for a short block of approximately 120 feet. Their confluence forms an inverted "Y" pattern, the stem of which intersects Grand River at a right angle. The short block in which they merge is known both as Fourth avenue

and Henry street and the 36-foot wide pavement is bisected by one set of streetcar tracks. Before the recent discontinuance of that line, the Fourteenth Street car ran in an easterly direction along Henry street, turned northeast at the intersection of Fourth avenue and proceeded in the latter direction along the short block above mentioned and across Grand River. For clarity we have reproduced and attached to this opinion the pertinent portions of an exhibit introduced at the trial.

The testimony indicates that a stop sign was posted facing eastbound traffic on Henry street at the point of convergence with Fourth avenue and that there was also a sign stating that vehicular traffic was permitted to turn right only. One-way signs were located on Fourth avenue at the intersection of Grand River.

Plaintiff was driving south along Third avenue, a one-way thoroughfare, at about 1 in the afternoon of July 9, 1947. Following the path of traffic, he turned right and crossed Grand River on a green light and then entered the short block where Fourth avenue and Henry street are merged. He was proceeding in the far right lane at about 15 or 20 miles per hour and other vehicles preceded him. At a point about 30 to 40 feet south of Grand River, 2 commercial trucks were parked, directly opposite each other, one on each side of the street. Plaintiff swung out to his left and onto the streetcar tracks to pass the truck parked in his path. When he was on the tracks he noticed an oncoming streetcar about 50 feet in front of him and applied his brakes. He did not believe that there was sufficient space between the streetcar and the trucks on either side to enable him to pass through. A head-on collision occurred. At the moment of impact plaintiff's car was on the tracks between the 2 trucks and had either just stopped or its speed had been reduced to not

more than 2 miles per hour. The streetcar had been traveling at between 15 to 20 miles per hour and slowed down to some extent before the collision. Its operator did not sound his bell at any time prior to the accident. The record contains testimony indicating that the streetcar operator failed to obey the stop sign located at the convergence of Fourth avenue with Henry street, that he did not maintain a proper lookout ahead, and that he did not immediately apply his brakes.

Plaintiff testified that he did not know that streetcars ran on the tracks in question and that he had never seen one do so in the 5 or 6 previous occasions that he had traversed the same route. He further stated that he knew that the street was a one-way thoroughfare and relied upon that fact and did not anticipate that traffic would proceed in the opposite direction. The plaintiff stated that he was observing only traffic proceeding ahead of him and not looking out for approaching streetcars at the time he turned out from behind the truck. At one point he testified that the cars ahead of him prevented him from making an observation and that he could not look along the streetcar track until after he swung out. At another point he testified that had he been looking for an approaching streetcar he could have seen it when the automobile ahead of him turned onto the car tracks.

In his opinion setting forth the reasons for the directing of a verdict, the trial judge stated that plaintiff knew of the eastbound streetcar line and that he had a duty to make observations and see what was visible. He found that the failure to make such observations constituted contributory negligence as a matter of law, citing *Lake Shore & Michigan Southern R. Co.* v. *Miller,* 25 Mich 274; *Fritz* v. *Detroit Citizens Street Railway Co.,* 105 Mich 50; *Wider* v. *Detroit United Railway,* 147 Mich 537; *Folkmire* v.

*Michigan United Railway Co.*, 157 Mich 159 (17 Ann Cas 979); *Champaign* v. *Detroit United Railway*, 181 Mich 672, and *Spencer* v. *City of Detroit*, 257 Mich 601, as establishing plaintiff's duties. He distinguished *Booth* v. *City of Detroit*, 292 Mich 102,

on the basis that the streetcar involved in that case was making a loop out of its usual course of traffic on a dark night when its rear end was struck and that the driver of the automobile did not know of the existence of that loop.

In his opinion, filed after denying plaintiff's motion for a new trial, the circuit judge said he thought the statement in his prior opinion that plaintiff knew about the tracks being used for an eastbound streetcar line was possibly erroneous, but that did not excuse defendant's failure to perform the duties established by the above cited cases before entering the streetcar tracks.

The evidence must be considered in the light most favorable to plaintiff in determining whether the trial court properly directed a verdict against him. *Conrad* v. *Krause,* 325 Mich 175; *Vukich* v. *City of Detroit,* 325 Mich 644. Under the unique factual situation presented by the record we are unable to concur in the ruling made by the circuit judge. In *Waling* v. *City of Detroit,* 308 Mich 163, we said:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence, and * * * some cases must of necessity stand or fall on their own facts. A state of facts should not result in a determination of negligence as a matter of law where reasonable minds may differ upon those facts. *Adams* v. *Canfield,* 263 Mich 666."

And in *Reedy* v. *Goodin,* 285 Mich 614, we made the following statement:

"Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes contributory negligence that no reasonable man could come to any other conclusion. *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich 445."

The minds of reasonable men may well have differed on the issue of whether the plaintiff exercised the amount of care and caution that a reasonably prudent driver would have under the circumstances. Plaintiff was traveling in the proper direction and at a lawful speed along a street known to him to be restricted to one-way vehicular traffic. He had no knowledge that any streetcars ran on the single set of tracks in the center of the street, and particularly had no notice or suspicion that an eastbound line ran in a direction contrary to the flow of vehicular traffic. He maintained a lookout with regard to traffic traveling ahead of his automobile.

While the presence of tracks has been held to give notice of danger (*Folkmire* v. *Michigan United Railway Co., supra,* and cases cited), we are unable to say that one set of tracks in the middle of a one-way street gives notice that the streetcars travel against the flow of vehicular traffic. Plaintiff, under the facts and circumstances disclosed by the record before us, was not guilty of contributory negligence as a matter of law. The reasonableness of his conduct, as hereinbefore stated, both before and after entering upon the tracks presented a jury question.

Reversed and remanded for a new trial. Costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.