KNOELLINGER v. HENSLER.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—
EVIDENCE.
   The testimony must be construed in the light most favorable to
   the plaintiff on his appeal from judgment for defendant *non
   obstante veredicto* and inconsistent statements in the testimony
   of the plaintiff do not prevent the application of such rule.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PLAINTIFF'S FAILURE
TO ANTICIPATE AN UNLAWFUL ACT BY DEFENDANT.
   Contributory negligence cannot be imputed to a plaintiff for fail-
   ure to anticipate negligent acts of a defendant as no one need
   anticipate an unlawful act.

3. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—SPEED—WRONG SIDE
OF ROAD.
   Northbound plaintiff motorist was not guilty of contributory
   negligence as a matter of law in failing to anticipate that east-
   bound defendant motorist would enter intersection of country
   roads at night at speed of 70 to 75 miles an hour on wrong
   side of road, where on two previous observations he noted de-
   fendant's speed was about 40 to 50 miles an hour, hence,
   judgment for defendant *non obstante veredicto* was error in
   view of fact that finding of the jury that defendant was guilty
   of negligence is not questioned.

Appeal from Bay; Leibrand (Karl K.), J. Sub-
mitted June 5, 1951. (Docket No. 15, Calendar No.
44,894.) Decided September 5, 1951.

Case by John Knoellinger against Harold Hensler
for damages resulting from automobile accident.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 945.
[2, 3] 5 Am Jur, Automobiles §§ 431, 492, 605, 606.

Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Oscar W. Baker, Jr.,* for plaintiff.

*Smith & Brooker,* for defendant.

CARR, J. This case resulted from an intersection traffic accident occurring January 12, 1949, in which plaintiff's automobile was damaged and he sustained personal injuries. Between 6:30 and 7 o'clock in the evening of the date in question, plaintiff was driving in a northerly direction on a highway in Bay county known as the Hospital road, which intersects a road running east and west, known as the Freeland road. Defendant entered the intersection from the west, striking plaintiff's car, with the results indicated.

In his declaration plaintiff alleged that the sole proximate cause of the accident was negligence on defendant's part. At the conclusion of plaintiff's proofs defendant moved for a directed verdict on the ground that the testimony of the plaintiff established contributory negligence barring recovery. The motion was taken under advisement in accordance with the provisions of the Empson act.[*] It was renewed after defendant rested his case, was again taken under advisement, and the case was submitted to the jury. Verdict in plaintiff's favor, in the sum of $4,500, was returned. Thereupon motion for judgment notwithstanding the verdict was submitted. The trial court granted the motion, and plaintiff has appealed.

The sole question raised is whether the trial court was in error in granting the motion for judgment *non obstante veredicto.* The issue must be considered in

---

[*] CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 27.1461 *et seq.*).

accordance with the rule requiring that the testimony be construed in the light most favorable to the plaintiff. *Staunton* v. *City of Detroit,* 329 Mich 516. Inconsistent statements in the testimony of the plaintiff do not prevent the application of the rule. *Yampolsky* v. *Smith,* 320 Mich 647.

The highway on which plaintiff was driving was approximately 15 to 16 feet wide south of the intersection. It was surfaced with tarvia, as was the intersection. It continued northerly as a shale road, and there was a drop of approximately a foot from the tarvia to the shale. The Freeland road, on which defendant was driving, was likewise surfaced with tarvia west of Hospital road to a width of 14 to 15 feet. Neither road was a through highway or otherwise favored for traffic. Plaintiff testified that, as he approached Freeland road, he made observations to the west at a point 25 to 30 rods south of the intersection. At that time he saw defendant's car approaching, and estimated that it was approximately 3 times as far from the intersection as was plaintiff. He estimated his own speed from 25 to 35 miles per hour, and the speed of defendant's car at the time as between 40 and 50 miles per hour. It was quite dark and the headlights of both cars were on. There were no natural obstacles to prevent the driver of either automobile from seeing the headlights of the other's car.

Plaintiff further testified that when he was 50 to 60 feet from the intersection he looked again, that he then observed the car of the defendant approximately 250 to 300 feet to the west and proceeding at the same rate of speed as when first observed. Plaintiff also stated that as he made this observation he saw the lights of defendant's automobile illuminating a sign on the Freeland road, which sign, the record indicates, was approximately 380 feet west of the intersection. Plaintiff concluded that he had

sufficient time to pass through the intersection in safety. When about 15 to 20 feet to the south of Freeland road, he accelerated the speed of his car to a rate between 20 and 25 miles an hour, and entered the intersection. At the time he made the second observation he had decreased the speed of his vehicle to less than 20 miles an hour. When approximately 5 feet south of the drop from the tarvia pavement to the shale, on the north side of Freeland road, plaintiff applied his brakes and decreased his speed to approximately 10 miles an hour in order to pass over the "drop-off," to avoid the risk, as he claimed, of losing control of his automobile. After he decreased his speed as indicated, he looked to his left and at that time saw defendant's car approaching some 50 to 60 feet to the west, on the north or left side of Freeland road, and at a rate of 70 to 75 miles an hour. He sought to accelerate his own speed, but was unable to do so. It was his claim that his car was struck when it was approximately 5 or 6 feet on the tarvia, with the front end past the bump and on the shale road.

The trial court came to the conclusion that plaintiff was guilty of contributory negligence as a matter of law because of failure to make approximately accurate observations as to the speed of defendant's car, before entering the intersection, and in decreasing his speed immediately before passing over the "drop-off" from the tarvia to the shale without first making further observations. However, if plaintiff stated the facts correctly in his testimony, the cars would not have come in contact if defendant had driven at a reasonable rate of speed or if he had remained on the south side of the center line of the Freeland road. The factual situation presented is unusual. The proofs do not suggest any reason for defendant's speed or for his driving on the wrong side of the highway. There was nothing to put plain-

tiff on notice, when he made his observation before entering the intersection, that defendant would operate his car in such manner. Plaintiff was not required to anticipate reckless or unlawful acts on defendant's part. In *Winckowski* v. *Dodge,* 183 Mich 303, 312, quoted with approval in *Suarez* v. *Katon,* 299 Mich 38, it was said:

"Contributory negligence cannot be imputed to a plaintiff for failure to anticipate negligent acts of a defendant—no one need anticipate an unlawful act."

See, also, *Guina* v. *Harrod,* 275 Mich 393; *Dasovich* v. *Longacre,* 324 Mich 62; *White* v. *Herpolsheimer Company,* 327 Mich 462. The finding of the jury that defendant was guilty of negligence is not questioned.

In view of plaintiff's testimony as to the manner in which the accident happened, we think that the matter of his contributory negligence is a question concerning which reasonably-minded men might well reach different conclusions. Such being the case it may not be said that he was guilty of contributory negligence as a matter of law. *Nezworski* v. *Mazanec,* 301 Mich 43, 63; *Murray* v. *City of Detroit,* 327 Mich 679; *Staunton* v. *City of Detroit, supra.* Under the testimony in the case, whether defendant's negligence was the sole proximate cause of the accident and whether plaintiff's proofs established his freedom from contributory negligence were jury questions. The verdict was supported by the record, and the trial court was in error in granting the motion for judgment *non obstante.*

The judgment is reversed and the case remanded to the circuit court, with directions to set aside the judgment entered in defendant's favor and to enter judgment for the plaintiff on the verdict. Plaintiff may have costs.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.