SAMYN v. BUBLITZ.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   The Supreme Court considers the testimony in the light most favorable to the plaintiff on appeal from judgment entered on directed verdict for defendant.

2. AUTOMOBILES—4-WAY STOP INTERSECTION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—OBSERVATION—STOPPING.
   Whether or not plaintiff. southbound motorist, was guilty of contributory negligence was a question for the jury, where he stopped at stop sign as he approached 4-way stop intersection, some 47 feet therefrom made his second observation to the west and saw no traffic approaching for at least 385 feet, the limit of his vision, and without making further observation drove slowly into intersection where he collided with eastbound defendant who was traveling on the north half, or wrong side, of the road and who had failed to stop as required (CLS 1956, §§ 257.22, 257.671).

3. SAME—4-WAY STOP INTERSECTION—ANTICIPATION OF NEGLIGENCE.
   A plaintiff motorist is not required to anticipate the reckless or unlawful act of a defendant motorist in failing or refusing to stop before entering an intersection that is posted for stopping in all 4 directions of approach (CLS 1956, §§ 257.22, 257.671).

Appeal from Bay; Louis (David R.), J. Submitted April 8, 1958. (Docket No. 8, Calendar No. 47,365.) Decided June 12, 1958.

Case by Julius Samyn against Donald Bublitz and Selma Bublitz for personal injuries sustained in

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[3] 5A Am Jur, Automobiles and Highway Traffic § 204.

automobile collision. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Smith & Brooker* (*Richard G. Smith,* of counsel), for plaintiff.

*Patrick D. Neering* (*Heilman & Purcell,* of counsel), for defendants.

KELLY, J. Plaintiff's and defendants' automobiles collided at the intersection of 2 rural roadways in Bay county, Michigan. At the close of plaintiff's proofs, the court granted defendants' motion for directed verdict and judgment was entered for defendants on the ground that plaintiff was guilty of contributory negligence as a matter of law.

On the 22d day of July, 1954, at the hour of 7:45 a.m., plaintiff was driving his 1954 Ford pickup truck south on Farley road and defendant Donald Bublitz was driving east on Cass Avenue road.

Four stop signs at the intersection of Farley road and Cass Avenue road direct west, east, north and southbound traffic to come to a stop before entering the intersection.

Plaintiff testified that when he was 200 to 300 yards from the intersection he looked both ways and no traffic was approaching from the east or the west; that he stopped his truck opposite the stop sign; that he could not see more than 385 feet toward the west because trees obstructed further view; that defendant's car was not in sight; that he started up slowly and was traveling at not more than 5 or 6 miles per hour when he reached the intersection; that he made no further observation for traffic between the time he stopped at the stop sign and the time his car collided with defendant's car in the intersection.

The trial court, in its opinion, stated :·

"The court is of the opinion that the plaintiff on his own testimony was guilty of contributory negligence as a matter of law. The court feels that he did not act as a reasonably prudent man would have acted in stopping somewhere approximately 45 feet from the intersection, taking an observation and then starting up without ever making another observation to the west, from then until the time of the impact, the court does not feel that that is the action of a reasonably prudent man within the meaning of the law. * * *

"The court bases his opinion on the fact that the testimony as given by the plaintiff himself was that he stopped approximately opposite to the stop sign which was 47 feet—there's no dispute on that, counsel went out this noon and measured it—that stop sign is 47 feet from the intersection; that when he was at that point he took observation to the east and to the west, took observation twice to the west, but then started up and took no further observation as to the traffic on Cass Avenue from the time he left that stop sign until the time of the collision in the intersection, that he never looked again although he could have seen any time during that point he could have seen approximately 385 to 412 feet up the road, he could have seen had he looked. He stated that. He drove at a slow rate of speed at which he could have stopped, by his own testimony, within 5 feet if he had found it necessary to stop, but that he failed to ever look from the time he left the stop sign until the time of the collision.

"In the opinion of the court that constitutes negligence as a matter of law, and it constitutes negligence which would be a proximate cause of the collision."

Appellant, claiming that the question of contributory negligence should have been one for jury decision states that he "did all that a reasonably prudent person would have done in stopping in obedi-

ence to the stop sign and in looking both ways before proceeding toward the intersection from his stop;" that reasonably prudent persons might differ as to what plaintiff should have done after stopping adjacent to the stop sign, and, therefore, plaintiff's contributory negligence should be one of fact for the jury; that when plaintiff, after stopping and observing no car approaching the intersection for a distance of 385 feet plaintiff could reasonably assume he would be able to clear the intersection before any motor vehicle reached the intersection.

Plaintiff and appellant calls to our attention that the physical facts disclose that defendant was traveling on the north half, or wrong, side of the road, and that plaintiff was not required to anticipate this reckless or unlawful act on the part of defendant. In support of this contention plaintiff cites *Knoellinger* v. *Hensler*, 331 Mich 197.

The *Knoellinger* v. *Hensler Case* also involved an intersection collision in Bay county. The jury awarded damages to plaintiff, but the trial court granted defendant's motion for judgment notwithstanding the verdict. In this case our Court said (pp 200, 201):

"However, if plaintiff stated the facts correctly in his testimony, the cars would not have come in contact if defendant had driven at a reasonable rate of speed or if he had remained on the south side of the center line of the Freeland road. The factual situation presented is unusual. The proofs do not suggest any reason for defendant's speed or for his driving on the wrong side of the highway. There was nothing to put plaintiff on notice, when he made his observation before entering the intersection, that defendant would operate his car in such manner. Plaintiff was not required to anticipate reckless or unlawful acts on defendant's part. In *Winckowski*

v. *Dodge,* 183 Mich 303, 312, quoted with approval in *Suarez* v. *Katon,* 299 Mich 38, 45, it was said:

" 'Contributory negligence cannot be imputed to a plaintiff for failure to anticipate negligent acts of a defendant—no one need anticipate an unlawful act.' * * *

"In view of plaintiff's testimony as to the manner in which the accident happened, we think that the matter of his contributory negligence is a question concerning which reasonably-minded men might well reach different conclusions. Such being the case it may not be said that he was guilty of contributory negligence as a matter of law. *Nezworski* v. *Mazanec,* 301 Mich 43, 63; *Murray* v. *City of Detroit,* 327 Mich 679; *Staunton* v. *City of Detroit,* 329 Mich 516. Under the testimony in the case, whether defendant's negligence was the sole proximate cause of the accident and whether plaintiff's proofs established his freedom from contributory negligence were jury questions. The verdict was supported by the record, and the trial court was in error in granting the motion for judgment *non obstante."*

CLS 1956, § 257.671 (Stat Ann 1952 Rev § 9.2371) provides:

"(a) The State highway commissioner with respect to highways under his jurisdiction, the county road commission and local authorities with reference to other highways under their jurisdiction * * * may designate through highways and erect stop signs at specified entrances thereto or may designate any intersection as a stop intersection and erect like signs at 1 or more entrances to such intersection."

CLS 1956, § 257.22 (Stat Ann 1952 Rev § 9.1822) reads:

" 'Intersection' means: (a) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of 2 highways which join one another at, or approximately at, right angles, or the

area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

Appellee's brief states:

"The legislature had in mind that portion of the joining highways where vehicles 'may come in conflict.' There is nothing in the law which states that a driver must stop *at* the stop sign, nor is there anything in the law which states that the legal stop has been made if the stop is made *at* the sign. The sign is merely notice that a 'stop intersection' is being approached, and it is further obvious that a given notice must be given in advance so that a person has time and opportunity to follow the mandate of the sign."

In determining this appeal we must consider the testimony in the light most favorable to the plaintiff, and we can only conclude that plaintiff's attitude toward the stop sign, which brought him to a stop before entering the intersection, was in sharp contrast to defendant's failure to see or refuse to stop for the intersection stop sign. The plaintiff was not required to anticipate the reckless and unlawful act of defendant in failing or refusing to stop before entering the intersection.

In *Krause* v. *Ryan*, 344 Mich 428, 434, this Court, considering an intersectional collision of automobiles and the problem of what constitutes negligence, stated:

"Even in that relatively narrow area of negligence involving moving vehicles, intersections, pedestrians, stop signs, arterial highways and traffic lights we find an infinite variety of problems, each with its peculiar circumstances, its unique considerations of care or the lack thereof."

And in the above opinion this Court (pp 436, 437) quoted from Mr. Justice HOLMES as follows:

" 'The question what a prudent man would do under given circumstances is then equivalent to the question what are the teachings of experience as to the dangerous character of this or that conduct under these or those circumstances; and as the teachings of experience are matters of fact, it is easy to see why the jury should be consulted with regard to them. They are, however, facts of a special and peculiar function. Their only bearing is on the question, what ought to have been done or omitted under the circumstances of the case, not on what was done. Their function is to suggest a rule of conduct."*

The instant case presented peculiar circumstances, and there were sufficient facts of a special and peculiar function that would warrant our conclusion that the order granting directed verdict in favor of defendants and judgment thereon be set aside and a new trial granted. Costs to appellant.

CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with KELLY, J.

DETHMERS, C. J. (*concurring*). I concur for reasons stated in my opinion in Gilson v. Bronkhorst, decided this day, 353 Mich 148.

---

* Holmes, The Common Law, p 150.—REPORTER.