## WHITBY v. WIEDEMAN.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   Testimony adduced on trial of action arising out of collision of motor vehicles at street intersection must be construed in favor of southbound plaintiff, where claims and proofs as to whom the traffic light favored are in direct conflict and appeal reviews directed verdict for westbound defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic § 713.
   Liability for accident at street or highway intersection as affected by reliance upon or disregard of traffic sign, signal, or marking. 164 ALR 8.

2. AUTOMOBILES — INTERSECTION — TRAFFIC LIGHT — CONTRIBUTORY NEGLIGENCE.

> A jury question was presented as to contributory negligence of southbound plaintiff who is not shown to have been driving at excessive speed on city street about 9 p.m. early in February, where there is testimony that buildings at the corner prevented view to east from whence westbound truck and trailer approached intersection at speed of 45 miles an hour against traffic light and another southbound car at plaintiff's left was between him and defendants' truck for a short interval of time.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 4. 1961. (Docket No. 35. Calendar No. 48,699.) Decided February 28, 1961.

Case by David William Whitby against Marvin Oloth Wiedeman and Shippers Dispatch of Ohio, an Ohio corporation, for personal injuries sustained in collision of motor vehicles. Directed verdict for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Keidan & Keidan* (*Baer Keidan,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin* (*Richard A. Harvey,* of counsel), for defendants.

CARR, J. The traffic accident from which this case has resulted occurred on February 4, 1954, within the intersection of Chene and Milwaukee streets in the city of Detroit. Plaintiff was at the time driving in a southerly direction on Chene, while the defendants' truck and trailer was being driven in a westerly direction on Milwaukee. It appears that at the intersection there were 2 traffic lights, one on the northeast corner and the other on the southwest corner. Both thoroughfares were business streets and there was testimony in the case, given by defendant Wiedeman, that the build-

ings on all 4 corners extended to the sidewalk lines.

The accident happened at approximately 9 o'clock in the evening of the date stated. Plaintiff was quite severely injured and at the time of the trial claimed to be unable to remember the occurrence in question. In the automobile that he was driving there were 5 other passengers, all young people, some of whom were called as witnesses on behalf of plaintiff. It was their claim that as the Whitby car approached the intersection the light was green for traffic going south on Chene. On the other hand, defendant Wiedeman, who was operating defendants' truck and trailer, asserted that the green light was in his favor as he entered the intersection. It thus appears that the claims of the parties as to which had the green light at the time of the accident are in direct conflict. Defendant Wiedeman also testified that as he proceeded west on Milwaukee he was driving 20 to 25 miles an hour. His testimony in this respect was contradicted by plaintiff's witness Walter J. Lepo, who placed the speed of defendants' equipment at approximately 40 to 45 miles per hour. It is not in dispute that plaintiff's automobile struck defendants' trailer. It further appears that defendants' equipment was approximately 45 feet in length.

At the conclusion of the proofs counsel for defendants moved for a directed verdict. The trial court concluded that the testimony on behalf of plaintiff failed to establish his freedom from contributory negligence, and the motion was granted. Thereafter counsel for plaintiff moved for a new trial, which motion was denied. This appeal has followed, it being claimed on behalf of appellant that the trial court was in error in not submitting the case to the jury.

The testimony introduced on the trial must be construed in favor of the plaintiff. It is claimed in

his behalf that if he had the light in his favor as he approached and entered the intersection he may not be deemed guilty of contributory negligence as a matter of law because of failure to discover the truck and trailer of the defendants in time to avoid the impact. Consideration must be given to the fact that the buildings adjacent to the sidewalks at the corners of the intersection obstructed the view. If, as a matter of fact, defendant Wiedeman was driving at a rate of 45 miles per hour his equipment would have covered 66 feet in 1 second. Under the testimony it does not appear that there is any claim that plaintiff's automobile was proceeding at an excessive rate of speed.

Plaintiff's witness Lepo testified that he was riding in a Chevrolet automobile driven by his brother in a southerly direction on Chene. He further stated that his brother's car was toward the center of the street and on the left of plaintiff's automobile. The following excerpt from his testimony indicates his claim as to what occurred immediately prior to the accident:

"*Q.* And you were toward the center of the street, is that correct?

"*A.* Yes, sir.

"*Q.* And you say the other car would be, that is, the Whitby car, passed you on the right?

"*A.* It was on the right.

"*Q.* You didn't pass it?

"*A.* We were passing it.

"*Q.* How fast were you going?

"*A.* 20, 25.

"*Q.* And you were traveling even down the street?

"*A.* No, sir.

"*Q.* Well, were you ahead of the Whitby car or was it ahead of you or what?

"*A.* Approximately 100 feet from the corner the light changed green. We passed him about 50 feet from the corner of Milwaukee and Chene.

"*Q.* You passed him?

"*A.* Yes, sir.

"*Q.* And then what did you do?

"*A.* We was going to make a left turn when we saw the truck coming. I even hollered to my brother, 'He is going to hit us.' He barely missed us and the truck swerved behind us.

"*Q.* The truck swerved behind you?

"*A.* Yes, sir.

"*Q.* Where were you when you saw the truck swerve behind you?

"*A.* I was in the car, in the center line. We was going to make a left turn.

"*Q.* Had you entered the intersection of Milwaukee yet?

"*A.* Milwaukee and Chene. Just barely made it across when the truck came swerving behind us.

"*Q.* Where were you—where was the car you were in when you first saw this truck?

"*A.* When we first saw it?

"*Q.* When you first saw it.

"*A.* Approaching Milwaukee when I saw it coming.

"*Q.* How far back of Milwaukee when you first saw it?

"*A.* I would say we were maybe a foot, not even that. Just so I could barely see down Milwaukee. I saw it coming.

"*Q.* How far back was the truck on Milwaukee?

"*A.* He was almost on top of us when we got across.

"*Q.* When you first saw it?

"*A.* He was around 50 feet from the corner of Milwaukee and Chene, coming on Milwaukee west.

"*Q.* So when you were a foot back from Milwaukee, you saw this truck and he was 50 feet back, is that right?

"*A.* As we were approaching, we saw him coming. We barely made it across. * * *

"*Q.* Well, how far back from the curb line of Milwaukee when you saw the truck?

"*A.* We were on top of it.

"*Q.* On top of what, witness?

"*A.* On top of the intersection, of Milwaukee and Chene."

Assuming the correctness of the testimony of the witness, it is of some significance that the car in which he was riding was traveling on the left of the Whitby automobile, that it passed it some 50 feet from the intersection, and that it entered the intersection and narrowly escaped being struck by defendants' equipment. It will be noted also that, as the witness claimed, he did not see the approaching truck and trailer on Milwaukee until his brother's car was about to enter that street. There is in the record no direct testimony that the Lepo Chevrolet interfered with plaintiff's view to his left. Obviously, however, its position was such that it was between plaintiff and defendants' truck for at least a short interval of time. The presence of the Chevrolet and the action of its driver in proceeding into the intersection may properly be given consideration in conjunction with the other circumstances surrounding the occurrence.

In view of the situation existing at the time and place of the accident here in question, the conflicting testimony as to the speed of defendants' equipment, and the testimony, likewise conflicting, as to which driver had the green light, we think that the case should have been submitted to the jury for determination of the factual issues involved. Assuming that plaintiff did not observe the defendants' equipment until it was too late to avoid the impact, and assuming also that he relied on the green light, we think opinions may differ as to whether he was guilty of contributory negligence. Application of the rule that the testimony must be

construed favorably to the plaintiff leads to the conclusion that the matters in dispute here were properly for jury determination. *Knoellinger* v. *Hensler,* 331 Mich 197; *Samyn* v. *Bublitz,* 352 Mich 613.

The judgment entered on the directed verdict is reversed, and the case remanded for a new trial. Appellant may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.